## Emma M. Athey et al. v. Edward Hunter et al.

1. LIMITATIONS—*Fraudulent Concealment.*—It is not essential that the acts constituting a fraudulent concealment should be subsequent to the accruing of the cause of action. They may be either coincident with or prior to it, and not be other than that which caused the injury itself.

2. DEMURRER—*General or Special.*—Defects in a pleading consisting of mere matters of form can not be reached by a general demurrer.

Trespass, for burning a building. Appeal from the Circuit Court of Edgar County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed June 29, 1896.

### Statement of the Case.

The action was trespass by appellants.

The declaration averred the appellees with force and violence broke and entered a dwelling house belonging to the plaintiffs and set fire to combustibles therein with the purpose the fire should communicate to the building, and that it did so communicate, and the house was consumed and destroyed by the fire.

The appellees pleaded the bar of the statute of limitations to which appellants replied as follows:

"And the plaintiffs, for a replication unto the plea of the defendants by them last above pleaded, say that the plaintiffs, by reason of anything in that plea alleged, ought not to be barred from having their aforesaid action; because they say that they, the plaintiffs, had no means of knowing and did not know that said cause of action had accrued until within five years last past, to wit, until January 1, 1894, and did not know that said building, etc., had been burned and destroyed either by the act of the defendants or by the act of any other person whatsoever until within five years last past, to wit, until January 1, 1894. And said plaintiffs aver that said cause of action remained so concealed from them, the said plaintiffs, until the first day of January, 1894; and they further aver that from and after the burning of the said premises, they, the said plaintiffs, made many inquiries as to the cause of the burning of the said premises, and used all due diligence and pursued all means within their power to ascertain the cause of the burning and destruction of said premises, but were until within five years last past wholly unable to ascertain the fact that such premises were burned and destroyed by the hands or through the negligence either of the defendants or of any person or persons whatsoever.

And the plaintiffs aver that before and at the time of and after the burning and destruction of said premises by the defendants as aforesaid, that the said defendants, for the purpose of fraudulently concealing said action, went to and upon said premises, and came off and away from said prem-

Athey v. Hunter.

ises in a secret and stealthy manner, and used divers precautions in hiding and secreting themselves until they had reached a considerable distance from said premises.

And the plaintiffs further aver that both at the time of and after the burning and destruction of said premises, that the manner and cause of such burning and destruction was known only to the defendants, and to no other person or persons whatsoever, and that they, the said plaintiffs, had no means of knowing the cause or manner of the burning of the said premises, except the same was revealed by the said defendants, until within the space of five years last past.

The plaintiffs further aver that after the committing of the grievances here complained of by the defendants, the said defendants were frequently asked by the plaintiffs whether they had any knowledge of the cause and manner of the burning of the said premises, etc., and that the said defendants then and there always informed the plaintiffs up to within the space of five years last past, that they, the defendants, had no knowledge as to the cause and manner of the burning and destruction of the same; and by so doing and there by such other acts herein above stated, fraudulently concealed from the plaintiffs this their cause of action; and by such denials and by such other acts herein above stated the said defendants hindered and prevented the plaintiffs from obtaining any knowledge of the cause and manner of the burning and destruction of said buildings and premises, and from obtaining any knowledge whatsoever of this their cause of action against the defendants until within five years last past, wherefore," etc.

The court sustained a general demurrer to the replication; the plaintiffs abided their pleading and judgment was entered for the defendants and against the plaintiffs for costs, and plaintiffs appealed to this court.

Dundas & O'Hair, attorneys for appellants.

A fraudulent concealment may consist in the fraud committed with, or constituting the cause of action, or it may

consist in acts subsequent, designed to conceal a cause of action originating without fraud. Bartalott v. The Intertional Bank, 14 Ill. App. 159; May v. Cutting, 20 N. H. 187; Bowman v. Sanborn, 18 N. H. 205; Wood v. Carpenter, 101 U. S. 135; Boyd v. Boyd, 27 Ind. 429; Campbell v. Vining, 23 Ill. 473.

H. S. TANNER and J. E. DYAS, attorneys for appellees.

The question presented in this case is as to the meaning of the term "fraudulently conceals the cause of such action," etc., as contained in Sec. 22, Ch. 83, Vol. 2, S. & C. Stat. The allegations of the replication on the subject of fraudulent concealment are, substantially, that defendants went secretly on the premises; that they committed the act in a secret manner; that they withdrew from the premises for the purpose of avoiding discovery, in a hasty and secret manner; and that they afterward, when asked by the plaintiffs, denied all knowledge.

Appellees contended that these allegations constitute a fraudulent concealment of the cause of action.

The fraud must be produced by affirmative acts; mere silence or concealment will not check the operation of the statute. Means v. Jenkins, 18 Ill. App. 41; 13 Am. and Eng. Ency. 729; Wood v. Williams, 142 Ill. 269.

Secrecy is not of itself evidence of fraud. Sternbach v. Leopold, 50 Ill. App. 476.

Persons relying upon exceptions in a general statute must clearly show that their case is within them. Wood v. Williams, 142 Ill. 269.

The fraudulent concealment must be of the cause of action. The cause of action declared on in this case was the burning of the house, of which the plaintiffs knew at the time; the only concealment claimed was as to the persons who committed the alleged offense.

A cause for action is defined to be matter for which an action may be brought. A cause of action is said to accrue to any person when that person first comes to a right to bring an action. 1 Bouvier L. D. 247.

When a building is set on fire the statute runs from the

Athey v. Hunter.

time of the injury, and not from the discovery of the doer. Gale v. McDaniel, 72 Cal. 334.

Mr. Justice Boggs delivered the opinion of the Court.

Sec. 22, Chap. 83, R. S., entitled Limitation, provides: "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within five years after the person entitled to bring the same discovers that he has such cause of action, and not afterward."

The cause of action was not the destruction of the building by the fire, and the consequent injury and damage to the owners, but the tort, crime, or wrongful act by which, as it is alleged, the fire was communicated to the building.

In the absence of such wrongful act no cause of action existed, no matter how great the loss or damage occasioned by the fire.

The replication avers the plaintiffs did not know until within five years last past, etc., that the fire was occasioned by an intentional act, tort or crime.

Consequently they were without knowledge that a cause of action existed.

If the defendants fraudulently concealed from the knowledge of the plaintiffs the fact that the fire was purposely communicated to the building, the statute of limitations, because of the saving provisions of section 22 thereof, did not begin to run until the plaintiffs discovered such to be the fact.

The replication avers the defendants at the time of the fire, for the purpose of concealing the cause of action, went to and upon the premises, and came away therefrom in a secret and stealthy manner, and used divers precautions in hiding and secreting themselves until they had reached a considerable distance, etc.

If these alleged acts were for the mere purpose of preventing identification of the persons who burned the building, they would offer no reason for interfering with the operation of the statute; but if they were for the purpose also of concealing the fact that fire was purposely com-

municated to the building, then the effect was to conceal the cause of action, and thereby stay the running of the statute. The replication avers the purpose was to conceal the cause of action; and while it may in that respect be subject to the criticism that it pleads a conclusion of law, yet the facts upon which the conclusion rests are set out, and no such specific objection was made, the demurrer being general.

It was well said in Bartalott v. The International Bank, 14 Ill. App. 163, upon the authority of adjudged cases there cited :

" It is not essential the acts constituting the fraudulent concealment should be subsequent to the accruing of the cause of action. They may be coincident with or prior to it, provided there is a relation of design and its consummation."

Mr. Justice Miller, in Bailey v. Glover, 21 Wall. (U. S.) 342, said : " To hold that  *  *  *  by committing a fraud in a manner that it concealed itself until such time as the party committing it could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful."

The Supreme Court of New Hampshire, in Queenly v. Blackly, 63 N. H. 77, held the fraud by which a cause of action is concealed need not be other than that which caused the original injury; also Way v. Cutting, 8 N. H. 187, is to same effect.

The replication avers the exercise of diligence upon the part of appellants to discover whether or not they had a cause of action, and as has been indicated in our opinion, sufficiently shows that they did not know until within five years before the institution of the action they had a cause of action, and that fact was kept from their knowledge by the wrongful and fraudulent acts of the defendants.

In the opinion of the majority of the court the demurrer should have been overruled.

The judgment is reversed and the cause remanded, with directions to the Circuit Court to overrule the demurrer and require the defendants to plead to the replication. Reversed and remanded.