Filed June 8, 1893.

* * *

No. 16,231.

## BARDEN ET AL. *v.* OVERMEYER.

DEED.—*Construction of.—Joint Tenancy.—Husband and Wife.—Survivorship.*—Where a deed, executed to a husband and his wife, was of the following tenor: "It is expressly declared and understood that this deed is made to the grantees in joint tenancy, and to the survivor of them. It is further understood that in case of the death of Susannah Bumbarger, her children are to inherit her interest;" the last clause of the quotation must be construed to have reference to the death of the wife after the death of her husband, so as not to defeat the previous condition of survivorship, which is also a rule of joint tenancies where the unity of title continues during their joint lives.

ESTOPPEL.—*Equitable.*— *When Exists.*—*Acts of Leniency, etc.*—An equitable estoppel never arises without proof that a wrong has been done, or is threatened on the one side and injury supposed or reasonably apprehended on the other. One is never estopped by acts of mere leniency, indulgence, or charity towards others.

From the Fulton Circuit Court.

*M. L. Essick* and *O. F. Montgomery,* for appellants.
*J. Rowley* and *M. A. Baker,* for appellee.

HACKNEY, J.—A deed of conveyance to Joseph and Susannah Bumbarger, husband and wife, contained a recital as follows: "It is expressly declared and understood that this deed is made to the grantees in joint tenancy, and to the survivor of them. It is further understood that in case of the death of Susannah Bumbarger, her children are to inherit her interest."

The deed was executed in 1864, and said Susannah died in 1872, leaving her said husband, her sons John and William, her daughter Lucinda Barden, and her granddaughter Jane Hill, surviving as her heirs at law.

In 1881 said Joseph died testate, and by his will devised all of his property to said sons John and William. Both of said grantees died owning whatever interest in the forty-acre tract of said land now in question that was conveyed by said deed, and the appellee claims said tract through conveyances from said John and William.

The appellee sued the appellants to quiet his title, his complaint being in the ordinary form. The appellants answered in general denial, and by cross-complaint claimed the ownership of the undivided five-thirty-sixth part in value of said tract, which they sought to have set off to them in partition. The issue upon the cross-complaint was by general denial, and the cause was tried by the court, resulting in a finding and decree in favor of the appellee.

It is contended on behalf of the appellants that the

deed conveyed the lands to Joseph and wife in moieties, and that the moiety of the wife under the recital in the deed vested in her children, or, under the laws of descent, passed to said Joseph and the children of said Susannah.

On behalf of the appellee it is insisted that the recital quoted from the deed does not take the case out of the rule in estates held by entireties, and that upon the death of Susannah the entire property vested in Joseph to the exclusion of the children of Susannah.

In *Chandler* v. *Cheney*, 37 Ind. 391, on page 396, it is said: "The same difference which existed at common law between joint tenants, and tenants by entireties continues to exist under our statute. In both, the title and estate are joint, and each has the quality of survivorship, but the marked difference between the two consists in this; that in a joint tenancy, either tenant may convey his share to a cotenant, or even to a stranger, who thereby becomes tenant in common with the other cotenant; while neither tenant by the entirety can convey his or her interest so as to affect their joint use of the property during their joint lives, or to defeat the right of survivorship upon the death of either of the cotenants; and there may be partition between the joint tenants, while there can be none between tenants by entireties." See, also, *Bevins* v. *Cline's Admr.*, 21 Ind. 37; *Cox's Admr.*, v. *Wood*, 20 Ind. 54; *Jones* v. *Chandler*, 40 Ind. 588.

All of the elements of difference between a joint tenancy and a tenancy by entirety have been obviated by the continued unity of estate and unity of possession until the death of the wife and the operation of the element of survivorship in behalf of the husband, that element which, under a joint tenancy or a tenancy by entirety, would confer upon him the entire estate.

It is unimportant to inquire which of the two defin-

itious shall be given to the tenancy created by the deed in·question, when by either the effect is the same.

*Lash* v. *Lash*, 58 Ind. 526, is a case in point. The deed was to a husband and wife ''as joint tenants, the survivor taking the whole.'' The grantees were divorced and the husband died, when his children sought partition. This court held that by the death of the husband and the rule of survivorship the entire property vested in the surviving joint tenant.

To deny the application of the rule here suggested, in the case before us, would be to strike from the deed the provision for survivorship and to set at naught the proposition for which appellants contend, namely, that this deed creates a joint tenancy.

Is this conclusion defeated by the provision that ''in case of the death of Susannah Bumbarger her children are to inherit her interest?''

If this provision had relation to her death during the lifetime of Joseph, it would conflict with, and defeat, the previous condition of survivorship in behalf of Joseph, and it would defeat the application of the rule in joint tenancies and in entireties, that the survivor takes the whole estate. If the provision had relation to her death after the death of Joseph, it would present no such inconsistency. It is sufficient to say that the intention of the parties must be held to be evinced by that construction which is reasonable and consistent, and not by that which necessarily leads to inconsistencies and absurdities.

It is further contended, by the appellants, that the appellee is precluded from asserting title to the lands in question, because of a supposed equitable estoppel against his grantors, John and William, and their devisor, Joseph Bumbarger. This equitable estoppel is claimed to exist in permitting the use and occupancy, by the appel-

lees and for their benefit, of portions of the two hundred acre tract originally conveyed to said Joseph and wife, and of which the tract in question is a part, and in the purchase by said Joseph of an interest in said two hundred acre tract from one of his grandchildren and the partition, by deeds, of other portions of said lands, to certain of his children, which conduct indicated a construction of the deed in question, by said Joseph, different from that we have given it, and in accordance with the contention of the appellants. That relying upon such construction each of the appellants purchased a portion of said two hundred acre tract, which portion is not of the tract involved in this case.

Not deeming it important to inquire whether this defense was available without affirmative pleading, we are unwilling to adopt the contention that the acts urged constitute an estoppel. An equitable estoppel never arises without proof that a wrong has been done or is threatened on the one side and injury supposed or reasonably apprehended on the other. This doctrine is elementary. Here no interest in the land in suit was held or claimed by the appellants by the investment of any sum. No possession was ever taken or held upon any contract, express or implied; no improvements were made; no obligation was created, and nothing but benefit to the appellants ever attached from the conduct of said parties under whom appellee claims. No fact is claimed to have existed of which appellants were not as fully advised as appellee's grantors. No misrepresentation is shown; no fraud is apparent. But it is urged that to now deny the title upon which the appellants relied, without legal or equitable right, and to confer it upon the appellee, would be such a hardship upon the appellants as to constitute a fraud. One is never precluded by acts of mere leniency, indulgence, or charity towards another. To dis-

continue such acts may work disappointment, or may induce hardships otherwise unknown, but their discontinuance is not a wrong, nor the fraud of which creates an estoppel.

Herman, in his Law of Estoppel, p. 339, says: "Equitable estoppels are, in a great degree, designed to prevent circuity of action; by preventing injuries by which redress would have to be sought by suit, and can not arise unless the evidence discloses some default or fraud for which compensation might be awarded by equity or law."

The matters urged as an estoppel would certainly furnish but slight foundation upon which to have predicated an action in appellants' behalf to quiet title. The principal weakness of the appellants' contention is in the proposition that the injury necessary to an estoppel exists in the denial of that which they claim without legal right, and which they have enjoyed only by the sufferance of those whom they would estop.

We find no error in the record, and the judgment of the circuit court is fully affirmed.

Filed June 9, 1893.