## James M. Proctor, Appellee, v. Wells Brothers Company of New York, Appellant.

### Gen. No. 18,400.

1. LIMITATION OF ACTIONS—*where wrong corporation is made defendant.* Where there are two corporations of similar names and one of them is named defendant and one of its officers served with summons, the suit is not commenced against the other so far as the statute of limitations is concerned until issuance of the new summons which is necessary to bring the new party into court and it is immaterial that plaintiff intended to sue the second party in the first instance.

2. LIMITATION OF ACTIONS—*concealment of identity.* Concealment of identity of a party liable is not a ground recognized by the statute of limitations for the postponement of its running.

3. LIMITATION OF ACTIONS—*as to tolling the statute.* Mere silence or concealment by defendant without affirmative misrepresentation does not toll the statute of limitations.

4. PLEADING—*where party is sued under wrong name.* Where the

real party in interest and the one intended to be sued is actually served with process, though under a wrong name, he must take advantage of the misnomer by plea in abatement and if he does not he will be concluded by the judgment or decree rendered the same as if he were described by his true name.

5. LIMITATION OF ACTIONS—*where party is sued under wrong name.* Service of summons upon the proper party defendant though under the wrong name is sufficient to toll the statute of limitations.

6. PARTIES—*power of amendment.* The power of amendment does not extend to the length of substituting another defendant in lieu of the defendant answering and before the court, since such other defendant can be brought in only by summons and the suit is not begun as to him until summons for him is issued.

7. LIMITATION OF ACTIONS—*directing verdict.* Where plaintiff receives personal injuries while in the employ of defendant, a New York corporation, and sues an Illinois corporation by the same name which pleads that it was not in possession or control of the premises, property, machinery, appliances, or persons as alleged in the declaration; and afterwards, plaintiff amends his action by changing the title of defendant and has summons served on defendant after the statute of limitations has run, it is error to deny defendant's motion to direct a verdict.                                    ⁰

Appeal from the Superior Court of Cook county; the HON. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed. Opinion filed June 24, 1913.

CALHOUN, LYFORD & SHEEAN, for appellant; EDWARD W. RAWLINS, of counsel.

MUSGRAVE, OPPENHEIM & LEE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Plaintiff, the appellee, sued for damages from injuries received in the course of the construction of a building in the District of Columbia, May 25, 1907, while in the employ of appellant, a corporation organized under the laws of the state of New York. He began suit May 21, 1909, and named as defendant "Wells Brothers Company, a corporation," which was a corporation organized under the laws of the state of

470 APPELLATE COURTS OF ILLINOIS.

Proctor v. Wells Bros. Co. of N. Y., 181 Ill. App. 468.

Illinois, and the summons was served on its secretary, Harry L. Wells.

A week later, the defendant so served filed a plea of general issue and a special plea denying that it was "in possession or control of the premises, property, machinery, appliances or persons as alleged in the declaration," etc. In November, 1910, additional counts were filed to which said defendant filed a plea of general issue and gave notice of the special matters of defense set forth in said special plea, stating specifically that it was not engaged in the erection or construction of the building referred to in the declaration, and that plaintiff was not employed by it in any capacity. Plaintiff filed a *similiter,* and it appearing at the trial, February 7, 1911, that he had sued the wrong party, he withdrew a juror and the cause was continued.

On February 11, 1911, an order was entered at plaintiff's instance amending "all papers and proceedings in said cause" by changing the 'title of defendant' to read as in the caption hereof, and directing that summons issue for appellant. *Alias* summons was issued the same day and on February 14, 1911, was served on its president, Addison E. Wells.

On March 7, 1911, by leave given for that purpose on March 4th, plaintiff amended the title of the cause and the several counts of the declaration by substituting appellant's name for that of the original defendant, and on March 11, 1911, plaintiff dismissed his suit against "Wells Brothers Company of Illinois, a Corporation."

Conceded as it is and as both the pleadings and evidence show that these two corporations of similar name were independent companies and separate entities, and it appearing that the original summons was not served on an officer or agent of appellant, it is evident that the suit was not commenced against appellant, so far as the statute of limitations is concerned,

until issuance of the new summons (*Collins v. Manville,* 170 Ill. 614; *Milwaukee M. Ins. Co. v. Schallman,* 188 Ill. 213), which was necessary to bring the new party into court (*United States Ins. Co. v. Ludwig,* 108 Ill. 514).

Unless, therefore, the statute of limitations was tolled it is evident that the period of two years prescribed by our statute, and of three years prescribed by the statute in effect in the District of Columbia, both of which the defendant pleaded, had expired before the suit was commenced against it.

The principal ground for avoidance of the bar of the statute set forth in the replication is that the officers and agent of the New York corporation fraudulently concealed its identity from the plaintiff. Connected therewith and apparently relied upon as independent grounds are averments as to his intent, want of knowledge and mistake. While issue was taken in rejoinder upon such averments, yet none of them present a ground recognized by the statute for the postponement of its running. The only provision in the statute excusing strict compliance with its terms is found in section 22 which specifies as a ground the concealment of the cause of action from the knowledge of the person entitled thereto. *Conner v. Goodman,* 104 Ill. 365; *Parmelee v. Price,* 105 Ill. App. 271, affirmed 208 Ill. 554. Concealment of identity of a party liable cannot be deemed the same as concealment of the cause of action. Appellee was certainly apprised of his cause of action, if any, and began suit before the statute had run, and was at once put on inquiry as to the proper party, and particularly so by the special plea and notice of defense filed by the Illinois corporation.

But whether or not a question of fact was properly raised for the jury, the evidence adduced on the subject of identity clearly preponderated for appellant. It showed conclusively that on signs about the prem-

ises where appellee was employed appellant's corporate name appeared as well as on the derricks and pay checks or slips given to its employes and brass identification checks given to each employe as he went to his work. Even were it a proper subject for inquiry, we find no evidence of any act or statement tending to prevent knowledge of appellant's identity or connection with the accident in question, or operating to prevent discovery. The most that could be said is that if appellant knew of the institution of the suit against the Illinois corporation, it maintained silence on the subject; but the rule is universal that mere silence or concealment by the defendant without affirmative misrepresentation will not toll the statute. *Fortune v. English*, 226 Ill. 262; *Wood v. Williams*, 142 Ill. 269; *Campbell v. Roe*, 32 Neb. 345; *State v. Walters*, 31 Ind. App. 77. There was no fact, therefore, relating to the question of the tolling of the statute, for submission to the jury. Neither mistake, want of knowledge nor misapprehension on the part of the plaintiff, nor silence on the part of the defendant was sufficient to suspend it. As there was no fraudulent concealment of the cause of action, pleaded or proven, the material facts conceded in the pleadings fully authorized the court to direct a verdict for defendant on its motion, on the ground, which we must find as a fact, that appellee did not commence his suit against appellant within the period prescribed by the statute of limitations under the statute here or for the District of Columbia.

But appellee urges that this is merely a case of misnomer, and that where the real defendant is sued by the wrong name before the statute has run, but is brought in by summons under the right name after the statute has run, the action is not barred and a new party is not brought into the suit, and cites as authority the cases of *Pennsylvania Co. v. Sloan*, 125 Ill. 72; and *Western Union Tel. Co. v. State*, 82 Md. 293. In both of those cases, however, the original

summons, though in the wrong name, was served upon an officer or agent of the right party. In holding that the statute in the former case was not a bar the court said: "The law undoubtedly is that, where the real party in interest and the one intended to be sued is *actually served with process* in the cause, even though under a wrong name, he must take advantage of the misnomer by plea in abatement in such suit; and, if he does not, he will be concluded by the judgment or decree rendered the same as if he were described by his true name."

In the *Maryland* case, *supra,* the court said the amendment was allowed "to correct the name of a party *actually summoned*" and that the service being on a person who was an officer of both companies, the one originally named and the one substituted, it was efficient to bring into court either one of them.

The vital distinction between those cases and the case at bar is that in them the real party was actually brought into court by the original summons before the statute had run, for though in the wrong name it was served on one who was its officer or agent as well as the officer or agent of the wrong party; whereas in the case at bar the right party was not brought into court by the original summons, as the person served therewith was not its agent.

The thing that tolled the statute in such cases was actual service of summons upon the proper party defendant within the period of the statute, although by the wrong name. But here suit was neither brought against nor served on the right party until after the statute had run. It was not a case of misnomer but suit against the wrong party, of which plaintiff was given timely notice.

But it is urged by appellee that appellant was a party to the action from its commencement because it was the party he intended to sue, and cites *Hoffman v. Keeton,* 132 Cal. 195, where suit was originally

474    APPELLATE COURTS OF ILLINOIS.

Proctor v. Wells Bros. Co. of N. Y., 181 Ill. App. 468.

brought against defendant as "John Doe," and his real name was not substituted for the fictitious one until after the statute had run.

If such a matter were determined by intent alone, without reference to any other circumstances or facts, the bar of the statute might always be easily avoided whenever the wrong defendant is sued no matter what the lapse of time. Of course, appellee intended to sue his actual employer, but the answer is not only that he did not, but that he served another party and from that party received express and timely warning of his mistake through the special plea and special notice aforesaid. One of the express purposes of enforcing the rule in this state, requiring a plea or notice that one is "not the owner or in possession or operation of the property or instrumentalities which have caused the injury," is that it may give plaintiff "an opportunity of making investigation, and if he ascertains that he has sued the wrong party, he may, before the statute of limitations becomes a defense, bring his suit against the party that is, in fact, liable." *Chicago Union Traction Co. v. Jerka*, 227 Ill. 95. But plaintiff persisted in trying the issue instead of profiting by the notice, and when he discovered his mistake the period of the statute had run.

There can be no question that where a party is actually served with summons but sued in the wrong name, and the right name is subsequently inserted by amendment, that it is the same suit against which the plea of the statute of limitations will not avail even though the amendment was not made until after the statute had run. But the power of amendment does not extend to the length of substituting another defendant in lieu of the defendant answering and before the court. *Jordan v. Chicago & A. Ry. Co.*, 105 Mo. App. 446. Such other defendant can be brought in only by summons, and the suit is not begun as to it until summons for it is issued. The difference between

service of summons on the wrong party and on the right party in the wrong name is at once apparent when we consider the difference of procedure necessary to rectify the mistake.

Appellee contends that the court submitted to the jury the question whether this suit was originally brought against this defendant, using the wrong name. Not so. His second replication plainly admits the existence of two separate and distinct corporations, and that appellant was not served with summons until after the statute had run, and seeks to avoid the bar of the statute on the claim that appellant did fraudulently conceal its identity, which if an issuable fact was not as before stated supported by competent proof.

Besides it is apparent from an instruction tendered by appellee that the question, improperly submitted to the jury, was whether plaintiff intended to sue appellant and whether or not its manner of doing business caused him to make a mistake.

In view of the error in not directing a verdict at the close of the evidence and to grant a new trial in compliance with defendant's motions, the case must be reversed, and it is therefore unnecessary to consider the other assignments of error.

*Reversed.*