[Civ. No. 10461.   Second Appellate District, Division Two.—October 7, 1935.]

BLANCHE STAPLES, Appellant, v. LEANOR ZOPH, Respondent.

Mark S. Feiler and Roy W. Colgate for Appellant.

William B. Beirne for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by plaintiff from a judgment in favor of defendant after the trial court sustained an objection to the introduction of any evidence on the ground that the cause of action alleged in the amended complaint was barred by section 340, subdivision 3, of the Code of Civil Procedure.

■ The amended complaint attempts to state a cause of action for libel of plaintiff by defendant, the alleged libelous letters having been published on September 15, 1932, and September 16, 1932, respectively; also that defendant had fraudulently concealed her identity until June 3, 1933. *June 3, 1934,* was a Sunday. The complaint was filed on *June 4, 1934.* If the statute of limitations was tolled by the concealment of defendant's identity, plaintiff was in time in filing her suit on the *fourth of June, 1934.* (*Tilden Lumber Co.* v. *Perino,* 2 Cal. App. (2d) 133 [37 Pac. (2d) 466].)

■ The sole question presented for determination is: *Did the fraudulent concealment by defendant of her identity toll the running of the statute of limitations?*

The statute of limitations is not tolled by the fraudulent concealment of defendant's identity. (*Proctor* v. *Wells Brothers Co. of New York,* 181 Ill. App. 468, 471; *Gale* v. *McDaniel,* 72 Cal. 334, 335 [13 Pac. 871].)

Plaintiff relies principally upon the decision in *Kimball* v. *Pacific Gas & Electric Co.,* 220 Cal. 203 [30 Pac. (2d) 39]. The line of demarcation between the decision in *Kimball* v. *Pacific Gas & Electric Co., supra,* and the instant case is this: In *Kimball* v. *Pacific Gas & Electric Co., supra,* there was a fraudulent concealment of a fact relating to the cause of action, while in the case at bar, the fraudulent concealment was of the identity of defendant. Concealment of the identity of the party liable cannot be deemed the same as concealment of a cause of action. (*Proctor* v. *Wells Brothers Co. of New York, supra.*) This distinction is recognized in *Kimball* v. *Pacific Gas & Electric Co., supra,* wherein the court cites *Gale* v. *McDaniel, supra,* and points out that in the case then before the court there was a fraudulent concealment by the defendant of a fact pertaining to the cause of action, while in *Gale* v. *McDaniel, supra,* ignorance of the identity of the defendant did not toll the statute of limitations. (*Kimball* v. *Pacific Gas & Electric Co., supra.*)

This rule does not operate unjustly to plaintiff, since at any time within one year after accrual of her cause of action she could have filed suit naming a fictitious defendant. (Code Civ. Proc., sec. 474.)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 5, 1935.