LANDERS *v.* EVERS

[No. 16,132.   Filed January 22, 1940.]

348

*Rex S. Emerick* and *H. Lyle Shank,* for appellant.
*Arthur W. Perry,* for appellee.

LAYMON, J.—This is an action by appellant to recover damages for personal injuries alleged to have been received by her as the result of a collision between the automobile in which she was riding and appellee's automobile, which occurred on December 8, 1933.

The complaint in this cause against appellee was filed on February 15, 1936, which was more than two years after the date of the collision. In an attempt to avoid the statute of limitations, appellant alleged that on the night of the accident her husband, with whom she was riding, inquired of the appellee as to his name and address; that in response thereto appellee gave his name as "Harold" Evers instead of "Howard" Evers; that appellant relied upon this statement and brought an action sometime within the two-year period against "Harold" Evers; that in said action, but after the expiration of more than two years after the date of the collision, while taking the conditional examination of the defendant, appellant learned that she had sued the wrong person.

Appellee demurred to this complaint for want of facts, which demurrer was sustained. Appellant refused to plead further, and judgment was accordingly entered. It is from this judgment that appellant has appealed, assigning as error the action of the trial court in sustaining appellee's demurrer.

It is the contention of appellant that due to appellee's misrepresentation of his true name he concealed his identity and is therefore estopped from claiming

the benefits of the statute of limitations, either by operation of our statute, § 2-609 Burns 1933, (§ 68 Baldwin's 1934) or by the doctrine of equitable estoppel.

The statute to which appellant refers reads as follows:

> "If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action."

There is a distinction between concealment or representation of the identity of the party against whom a cause of action has arisen and a concealment of the cause of action. In the instant case, appellant had full knowledge of her cause of action within the statutory period. No fact which would give rise to her cause of action was misrepresented or concealed by appellee. The charge of concealment or misrepresentation in the instant case refers exclusively to the identity of the party against whom the cause of action may be brought and, in our judgment, is not a reason or ground recognized by the statute for the tolling of the running of the statute of limitations. The concealment recognized by our statute relates to the cause of action and not to the identity of the party against whom the action may be brought.

Appellant insists that apart from this statute the doctrine of equitable estoppel should be applied to the facts as alleged and that by reason thereof appellee should be estopped from claiming the benefits of the statute of limitations.

While the doctrine of equitable estoppel may in a proper case be invoked to prevent a defendant from

350

relying upon the statute of limitations, the facts here do not justify the application of the doctrine. The misrepresentation or fraud must be of such character as to prevent inquiry or to elude investigation or to mislead and hinder the party who has the cause of action from obtaining the necessary information by the use of ordinary diligence, and the actions relied upon must be of an affirmative character and fraudulent. *Jackson* v. *Jackson* (1898), 149 Ind. 238, 47 N. E. 963; *State, ex rel.* v. *Jackson* (1913), 52 Ind. App. 254, 100 N. E. 479; *Fidelity, etc., Co.* v. *Jasper Furniture Co.* (1917), 186 Ind. 566, 117 N. E. 258.

Consistent with the application of the doctrine of equitable estoppel, appellant is charged with whatever knowledge she could have acquired in the exercise of ordinary diligence. She knew of her cause of action and, as far as we are apprised by the facts alleged, was in possession of the means to ascertain the proper person against whom to bring her action, if ordinary diligence had been exercised. See *Proctor* v. *Wells Bros. Co. of N. Y.* (1913), 181 Ill. App. 468; *Short* v. *Estate of Jacobus* (1918), 212 Ill. App. 77; *Staples* v. *Zoph* (1935), 9 Cal. App. (2d) 369, 49 Pac. (2d) 1131.

Judgment affirmed.