**MESCALL v. W. T. GRANT CO.**

No. 8120.

Circuit Court of Appeals, Seventh Circuit.

Jan. 25, 1943.

Rehearing Denied Feb. 18, 1943.

John H. Baldwin and Clair McTurnan, both of Indianapolis, Ind., for appellant.

Hubert Hickam, Thomas M. Scanlon, and Alan W. Boyd, all of Indianapolis, Ind., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment in favor of the defendant in an action brought to recover damages alleged to have been caused by defendant's failure to furnish a safe place of employment, for fraud in depriving plaintiff of his action for damages, and on a contract to pay the plaintiff's salary during his disability. There was a trial before a jury. At the conclusion of all the evidence, the court, being of the opinion that there was no evidence which would warrant a finding that defendant's negligence was the proximate cause of plaintiff's illness, that there was no evidence of fraud and no contract to pay plaintiff throughout his life, instructed the jury to return a verdict for the defendant, and judgment for costs was entered thereon. To reverse the judgment, plaintiff appeals.

The principal question presented is whether the court erred in directing the jury to find for the defendant. In the consideration of the question, we commence with the elementary propositions, requiring no citation of authorities, that cases are not to be lightly taken from the jury; that jurors are the recognized triers of questions of fact; and that negligence and what is the proximate cause of an injury are questions of fact to be properly submitted to and determined by them in view of the circumstances. But, there are times when it is proper for a trial court to direct a verdict. In Indiana, on a motion to direct the jury to find for the defendant, the rule is that the court must accept as true all facts which the evidence tends to prove and draw against the defendant all inferences which the jury might reasonably draw, and, in case of conflict in the evidence, consider only that which is favorable to the plaintiff, Lyons v. City of New Albany, 54 Ind.App. 416, 103 N.E. 20, and Gulbranson v. Hart, 90 Ind.App. 171, 168 N.E. 483.

Plaintiff was in defendant's employ from 1934 to April, 1939. From July, 1936, to December 16, 1936, as a trainee, he worked in defendant's store in Columbus, Ohio, consisting of four stories and a basement, with salesrooms in the basement and on the first floor, offices and rest rooms on the second, and stockrooms on the third and fourth floors. During November and December, 1936, the weather was cold. The plaintiff complained of the cold near the entrance doors and in the display windows, and asked for a small electric heater to use in the display windows. The salesrooms were heated; the offices to 82 degrees, and the stockrooms to 42 degrees. The plaintiff's work included the maintenance of department stock from supplies in the stockrooms, replenishing and changing sales counters, work in the offices, window trimming and display arrangement, inventory work in the offices and stockrooms, and going back and forth among and in the departments, offices and stockrooms. For six weeks prior to December 16 he worked from 7:30 A. M. to 11 P. M. and on Sundays from 9 A. M. to 4 P. M. For two weeks prior to December 16, he suffered with a cold, was tired and rundown, and on December 16 he had a fever and fainted. He was sent home and confined

to his bed until December 23, and, then, on December 24, he returned to his home in Indianapolis, Indiana, and was confined to his bed with pneumonia. Three weeks later Dr. Alfred A. Storey discovered he was afflicted with phlegmasia alba dolens, an inflammatory condition in the veins of both legs.

Dr. Storey testified that "over-work and sudden changes of temperature are contributing factors in the production of pneumonia," but that "one can contract pneumonia without a cold"; that phlebitis is one of the complications of pneumonia, and that the cause of plaintiff's pneumonia would be "purely guess work."

The plaintiff calls attention to § 871-15 Throckmorton's Ohio Code, (Baldwin's 1936 Edition) which provides that every employer "shall furnish a place of employment which shall be safe for the employes therein," and "shall do every other thing reasonably necessary to protect the life, health, safety and welfare of such employes," and rests his case upon the claim that by exposing plaintiff to changing temperatures which caused plaintiff to contract pneumonia and phlebitis, defendant failed to furnish a safe place of employment.

Before the plaintiff can recover he must show by affirmative evidence that the defendant has been guilty of some act of negligence, and it must appear that the injury claimed was the natural and probable consequence of the negligence.

The defendant was bound to exercise reasonable care to provide a safe place in which the plaintiff was to work, but the application of this principle was limited to the duty of reasonable care—reasonableness depending upon the danger attending the place—to eliminate defects in the physical equipment used. Lang v. United States Reduction Co., 7 Cir., 110 F.2d 441.

There was no statute in the State of Ohio specifically limiting the hours of employment, and we find no authority that recognizes a duty upon an employer to maintain any particular temperature in places of employment or to maintain all parts of the places of employment at a uniform temperature. Neither is there a presumption that plaintiff's exposure to changing temperatures while in the employ of the defendant caused him to contract pneumonia,—that is an affirmative fact for the plaintiff to establish. His claim cannot be said to have been established by circumstantial evidence, unless the facts relied upon are of such a nature that it is the only conclusion that can fairly or reasonably be drawn.

An inference of fact can be drawn only from premises which are certain, Evansville Metal Bed Co. v. Loge, 42 Ind. App. 461, 85 N.E. 979. In our case, there was no direct evidence that the plaintiff's contracting of pneumonia was occasioned by being exposed to changing temperatures while in defendant's employ, and whatever evidence there was, left the matter uncertain and showed that the cause of plaintiff's pneumonia was purely guess work. The result was that there was no evidence to sustain plaintiff's claim. It was not for the jury to guess; consequently the giving of the peremptory instruction was proper.

As an additional ground for affirming the judgment of the District Court, the defendant makes the point that if the plaintiff ever had cause of action based upon negligence, it became barred on December 17, 1938. As before noted, the plaintiff left the defendant's Columbus, Ohio, store on December 16, 1936. He filed his complaint in this case on April 7, 1941. The Indiana statute of limitations on actions for personal injuries is two years. (Burns Indiana Stat.1933 Ed. § 2-602).

To avoid the statute, the plaintiff contends that the defendant is estopped from claiming the benefit of the statute because of fraud, and on the further ground that the defendant promised him his salary during his disability; that he relied upon the promise and forbore to sue; and that, consequently, he was within the six year statute of limitations, § 2-601.

No principles are more firmly established than that fraud is never presumed, but must be proved. As to estoppel, the effect of which is to preclude a good defense, justice demands that it should not be enforced unless substantiated in every particular, since the ground upon which it proceeds is fraud, actual or constructive, on the part of the person sought to be estopped, and it has been held that there can be no estoppel without fraud, Tinsley v. Fruits, 20 Ind.App. 534, 542, 51 N.E. 111, that it cannot be established by inference, Wilkerson v. Wood, 81 Ind.App. 248, 254, 143 N.E. 166, that the doctrine is not applicable where everything in relation to the transaction is equally known to both parties, Tinsley v. Fruits, supra, 20 Ind.

App. 542, 51 N.E. 111, and the party asserting the estoppel has not been misled, deceived, or led to change his position, Barden v. Overmeyer, 134 Ind. 660, 34 N.E. 439, and Landers v. Evers, 107 Ind.App. 347, 24 N.E.2d 796.

We proceed to examine the record to ascertain whether it proves fraud, and whether the parties entered into a contract to pay the plaintiff's salary during his disability. In doing so, we accept the evidence adduced by the plaintiff.

On January 1, 1937, he advised the defendant that "it will be impossible for me to be on duty in the Columbus store on January 4," and in reply, he received a letter dated January 5 stating, "your salary will be paid from this office [New York] dating from January 4." March 20, 1937, the plaintiff resumed work in defendant's store in Schenectady, New York, and remained there until November 19, 1937, when he was transferred to West New York, New Jersey. On March 7, 1938, he was promoted to assistant manager, his salary was increased, and he was transferred to Newark, New Jersey. In October, 1938, he was examined by defendant's physician, and upon being advised to refrain from work, he returned to his home in Indianapolis. Before leaving for his home, defendant's assistant personnel manager in the New York office stated to plaintiff, "you should concentrate on getting well and keeping fit. There is no need to worry over money matters; your salary will be continued from this office." Thereafter, although he performed no services, he was paid his salary to December 12, 1938. From December 12, 1938, to April 8, 1939, plaintiff performed part-time work in the Indianapolis store. In March, 1939, defendant's assistant personnel manager, after having been advised by plaintiff's physician that there was no chance of improvement in plaintiff's condition, asked the plaintiff to resign, and informed him that if he resigned the Company would give him a good recommendation.

On April 3, 1939, the plaintiff wrote the assistant personnel manager: "I am leaving the Company this coming Saturday, April 8th. I can assure you that it is without pleasure that I write this for I have enjoyed working for the Grant Co. and I am only sorry that I have to leave those people with whom and for whom I worked. * * * I appreciate the kindness and consideration I have received from those over me, especially yourself and Mr. Foster and I assure you it will not be forgotten." On cross-examination plaintiff admitted that no claim against the defendant was mentioned at the time he was asked to resign.

Before the doctrine of estoppel may be invoked to prevent a defendant from relying upon the statute of limitations, the fraud must be of such a character as to prevent inquiry or to elude investigation or to mislead the party who has the cause of action. In our case there is no evidence of fraud, nor any that the defendant concealed or attempted to conceal any facts or that it misled the plaintiff. Tinsley v. Fruits, 20 Ind.App. 534, 51 N.E. 111; Barden v. Overmeyer, 134 Ind. 660, 34 N.E. 439; and Landers v. Evers, 107 Ind. App. 349, 24 N.E.2d 796. Neither is there evidence justifying a finding that the parties entered into a contract to pay plaintiff's salary throughout his life. Starr v. Superheater, 7 Cir., 102 F.2d 170.

The judgment of the District Court is affirmed.