341 So.2d 1005 (1976)
INTERNATIONAL BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, LOCAL 1765, Plaintiff,
v.
UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF the PLUMBING AND PIPEFITTING INDUSTRY, LOCAL NO. 803, Etc., et al., Defendants.
No. 76-434.
District Court of Appeal of Florida, Fourth District.
December 24, 1976.
Rehearing Denied February 22, 1977.
William A. Grimm, of Troutman, Parrish & Weeks, P.A., Winter Park, for plaintiff.
John J. Chamblee, Jr., Law Offices of Frank & Meyer, P.A., Tampa, for defendant Local No. 803 etc.
O'Donoghue & O'Donoghue, Washington, D.C., and Cone, Owen, Wagner, Nugent, Johnson & McKeown, P.A., and Larry Klein, West Palm Beach, for defendant United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry.
Billings, Frederick, Wooten & Honeywell, Orlando, for defendant Hanes.
Marshall B. Kapp, Law Offices of James M. Russ, Orlando, for defendants Beck and Evans.
SCHWARTZ, ALAN R., Associate Judge.
The Orange County Circuit Court has presented us, pursuant to Fla.App. Rule 4.6, with the following certificate:
"Statement of Facts
The questions involved rose on defendants' motions to dismiss grounded upon the statute of limitations. It appears on the facts of the complaint that the statute has run unless fraudulent concealment applies. It is undisputed that the explosion damage caused to plaintiff's building occurred on March 20, 1970.

*1006 The plaintiffs knew that they were damaged on that date. The parties agree that the applicable statute of limitations is F.S. § 95.11(5), as amended in 1959, which provides that an action of this type is barred after the expiration of three years from the accrual of plaintiffs' cause of action. This action was filed on February 19, 1975.
The well-pleaded allegations of the complaint state that the defendants or their agents successfully planned and carried out a scheme to conceal the identity of the alleged wrong-doers, thus tolling the commencement of the limitation period until the plaintiffs discovered, or in the exercise of reasonable diligence could have discovered, the identity of the alleged wrong-doers until late in the year 1973." ...
"Questions
1. Where the defendant commits an intentional tort resulting in injury to the plaintiff and intentionally and successfully conceals his identity from the plaintiff, is the statute of limitations tolled until the plaintiff discovers, or through the exercise of reasonable diligence could have discovered, the identity of the defendant?
2. If the answer to question number one is "yes", what are the essential elements of such concealment and the opportunity to discover which must be pleaded and proved?"
Although, as Fla.App. Rule 4.6(a) requires, the issue posed by the first question is indeed "without controlling precedent in this state," we answer it, in accordance with what we take to be a unanimity of authority elsewhere, in the negative, thus obviating a response to the second question posed. The rule which requires this answer is unequivocally stated as follows, at 54 C.J.S. Limitation of Actions, § 206e, pp. 223-224:
"If there is a known cause of action there can be no fraudulent concealment which will interfere with the operation of the statutes... . Concealment of identity of a party liable cannot be deemed the same as concealment of the cause of action."

The decided cases support this view seemingly without exception. Athey v. Hunter, 65 Ill. App. 453 (1896); Staples v. Zoph, 9 Cal. App.2d 369, 49 P.2d 1131 (1935); Landers v. Evers, 107 Ind. App. 347, 24 N.E.2d 796 (1940); International Union, U.A.W. v. Wood, 337 Mich. 8, 59 N.W.2d 60 (1953); Morris v. Wise, 293 P.2d 547 (Okl. 1955); Griffith v. Shannon, 284 S.W. 598 (Tex.Civ. App. 1926).[1]
It is clear that the doctrine, recently reasserted by our Supreme Court in Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), and cases cited, under which the statutory period is tolled because of a fraudulent concealment of the existence of a cause of action which would give rise to a right to sue does not apply here. In this case, the plaintiff plainly knew that it had a cause of action in tort as soon as its building blew up. Its ignorance as to the identity of the potential defendant does not affect this fact, see 1 Fla.Jur., Actions, § 22, p. 148, nor, as all the authorities say, bring it within this limited exception to the statutory rule.
It can hardly be denied that the result we reach, which in effect rewards those who by criminal skill not only stealthily destroy another's property but avoid detection during the statutory period as well, is a harsh one. But all statutes of limitations, which by their very nature destroy otherwise just causes merely because of the passage of time, are inherently harsh. Harsh results represent a trade-off which the Legislature has decided it is willing to make in exchange for the burying of stale claims. Even in the provisions of F.S. § 95.051, enacted after the events involved in this case, the Legislature has declined to exclude *1007 the situation before us from the effect of this decision; it certainly had not done so before. In the end, its determination should, and therefore does, prevail. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Carey v. Beyer, 75 So.2d 217 (Fla. 1954).
Certified question No. 1 answered in the negative.
ALDERMAN, J., and SMITH, ROBERT P., Jr., Associate Judge, concur.
NOTES
[1] The result is otherwise only when, as in each of the cases cited by the plaintiff, there is some independent statutory duty (which does not exist in this case) imposed upon the tortfeasor to reveal his identity. Kurry v. Frost, 204 Ark. 386, 162 S.W.2d 48 (1942); St. Clair v. Bardstown Transfer Line, 310 Ky. 776, 221 S.W.2d 679 (1949) (hit-and-run statute). Cf. Nardone v. Reynolds, 333 So.2d 25, 39 (Fla. 1976) (physician-patient relationship).