INDIANA STATE HIGHWAY COMMISSION *v.* JAMES N. PAPPAS AND ZOE PAPPAS.

[No. 277S138. Filed February 23, 1977.]

*Theodore L. Sendak,* Attorney General, *William E. Daily,* Deputy Attorney General, for appellant.

*Robert A. Brothers, John C. Christ, Joseph W. Hadler,* of Indianapolis, for appellees.

## DISSENTING OPINION

HUNTER, J.—I dissent from the denial of transfer in this case. James Pappas owned a home on Pine Street in Indianapolis. Also located on the property was Pappas's business, a machine shop. The Indiana State Highway Commission sought the property for highway construction and offered Pappas $12,600 for the property. Pappas was told that if he did not accept the offer he would be forced to vacate within thirty days and that court proceedings for compensation would last one year. He deeded the property to the state with the understanding that he could remain, paying rent, until he found replacement property. A one-year lease was signed.

When Pappas looked for a new location he discovered that equivalent replacement property sold for between $35,000 and $45,000. Pappas's property had a unique light industrial zoning due to a grandfather clause. At the end of the lease year, Pappas still had not been able to relocate. After the lease had run, but two and one-third years before Pappas relocated, the Highway Commission unlawfully caused Pappas's special 400 amp., 3 phase, 4-wire Delta wiring to be terminated. Pappas was told that if he demanded this service be re-installed, he would be evicted within twenty-four hours.

The Court of Appeals denied Pappas's award of damages beyond the period of his unexpired leasehold; it determined this leasehold period to be thirty days. *Ind. State Highway Comm.* v. *Pappas*, (1976) Ind. App., 349 N.E.2d 808. I would grant transfer and reinstate the trial court's award of lost profits. In a case such as the present, equity must be done. "Equity delights in justice, but that *not* by halves." Story, *Eq. Pl.* § 72. Here, the commission was the cause of Pappas's three-year search for new property. The consideration given was inadequate to replace the property given up. The commission should not now be able to raise the leasehold period in mitigation of its damages. Pappas remained only because he could not find other suitable property. The leasehold should be considered as extending from the time Pappas deeded his property to the state until he found replacement land. This comports with the understanding of the parties upon transfer of Pappas's land. As was stated in the Court of Appeals opinion, "[A] representative of the Commission told him he could remain there . . . until he found replacement property."

The treatment of this condemnee by the state exercising its power of eminent domain has been nothing short of scurrilous. I strongly believe this Court does a disservice to a citizen of Indiana by permitting this type of activity by agents of the state. The trial court's award of lost profits for the entire

period of the unlawful termination of electrical service should be affirmed.

NOTE.—Reported at 360 N.E.2d 1.