Maurice Eugene **BARND**,
Plaintiff-Appellant,

v.

James R. **BORST**, Defendants-Appellees.

No. 1–281A60.

Court of Appeals of Indiana,
First District.

Feb. 15, 1982.

Rehearing Denied March 23, 1982.

Robert H. Orbison, Inezellen Bales, Frederic C. Sipe, Baker, Orbison, Bales & Knowles, Indianapolis, for plaintiff-appellant.

Richard W. Yarling, John W. Hammel, Yarling, Tunnell, Robinson & Lamb, Indianapolis, for defendants-appellees.

RATLIFF, Presiding Judge.

## STATEMENT OF CASE

Maurice E. Barnd, plaintiff below, appeals from the trial court's grant of summa-

ry judgment in favor of defendants below, James R. Borst and Robert A. Borst. We affirm.

## FACTS

On December 5, 1976, Robert was driving a 1970 Chrysler along Pendleton Pike in Indianapolis, Indiana, when he collided with the rear end of Barnd's 1969 Cadillac. The automobile Robert was driving was owned by Richard Borst and was insured under a policy owned by James Borst. James's insurer settled Barnd's property damage claim on January 5, 1977. On June 13, 1977, Barnd filed his initial complaint for $50,000 in damages against James alleging James's negligent operation of the motor vehicle which caused him (Barnd) personal injuries. On August 23, 1977, Barnd amended his complaint with respect to the issue of damages. James filed interrogatories to Barnd on July 27, 1977, and an answer in general denial on September 2, 1977. Later in 1977 the cause was venued to the Hancock Circuit Court where no action was taken until July 20, 1979, when the court set the cause for hearing pursuant to Ind. Rules of Procedure, Trial Rule 41(E). At Barnd's request the court removed the hearing from its docket, and Barnd resumed discovery by filing interrogatories to James on August 6, 1979. James filed his answers thereto on October 31, 1979, stating that Robert was the driver of the car involved in the accident complained of. On January 8, 1980, Barnd filed what he denominated as his Second Paragraph of Amended Complaint for Damages in which Robert was named a defendant and allegations of fraud were introduced.[1] Barnd alleged in his complaint, which was not verified and contained no signed certificate of service, that at the time and place he was injured he was given James's name as the owner and operator of the vehicle in question and that settlement of the property damage to his car and negotiations for the settlement of his personal injury claims had been carried out by attorneys for James. Barnd stated that as a result of the foregoing he believed James to be the owner and operator of the car until June 25, 1979, when James's attorney advised his (Barnd's) attorney that James was the wrong party. Thus Barnd alleged, "The actions of the Defendants herein in misleading the Plaintiff amounts [sic] to a fraud perpetrated by Defendants and their agents and they should not now be permitted to plead the Statute of Limitations in defense to this action." Record at 88. The record reveals no service of process at this or any point upon Robert. James filed his motion for summary judgment on January 17, 1980, accompanied by his affidavit stating that he was not operating an automobile at the time and place alleged by Barnd, has no firsthand knowledge of the accident, was not the employer or principal of any driver, and has never collided with Barnd's automobile. Robert also filed an affidavit stating that he was the driver of the car involved in the accident at issue, but that he properly identified himself to all parties, as was reflected in the police report. Barnd then, on January 25, 1980, filed his Third Paragraph of Amended Complaint for Damages, which was verified and certified as mailed to James's attorney. In this complaint Barnd incorporated by reference pertinent paragraphs of his earlier amended complaints and in addition alleged the following:

"5. That the Defendant, James R. Borst, by and through his agents and representatives knowingly continued to mislead this Plaintiff by obtaining privileged information to which he was not entitled, and thereafter, attempting to negotiate a settlement of the personal injuries of this Plaintiff, and did not file his motion for summary judgment in this accident until the 16th of September, 1979, almost four years after said accident and after the statute of limitations had run against Robert A. Borst. All of said actions of the Defendant, James R. Borst, the plaintiff relied upon and all of

---

1. No mention is made by any party of Ind. Rules of Procedure, Trial Rule 15(C), and the record reveals no request of the court to file or

consent by the Borsts to any of the amendments.

the false actions of said Defendant has [sic] operated as a fraud upon this Plaintiff, in an effort to preclude this Plaintiff from bringing his action against Robert A. Borst within the statute of limitations.

"6. The said Robert A. Borst who lived at the same address as James Richard Borst, knew that the Plaintiff believed that the Defendant, James R. Borst, was the operator of this car, and he collaborated with the said James R. Borst to work a fraud upon this Plaintiff.

"7. That the said James R. Borst is guilty of fraud and of laches in this matter, and a copy of this Plaintiff's Affidavit is attached hereto and made a part hereof and marked Exhibit 'A'.

"8. The said James R. Borst, having contracted to protect the general public against the acts of the said Robert A. Borst, this Plaintiff being a part of said general public, should not be permitted to perpetrate a fraud upon this Plaintiff, and should remain a party to this action, by reason of his contractual relationship to protect this Plaintiff against the negligent acts of the said Robert A. Borst. A copy of said Contract is attached hereto, made a part hereof and marked Exhibit 'B'.

"9. By reason of the false and fraudulent acts of the Defendants herein the Plaintiff is entitled to recover the sum of $50,000.00 against said Defendants for said fraud perpetrated upon this Plaintiff.

"WHEREFORE, Plaintiff prays for judgment against the Defendants herein in the sum of $50,000.00 for said fraud and damages to this Plaintiff and for such further relief proper in the premises."

In his affidavit, Exhibit "A," Barnd restated the allegations of his complaint, viz., that he received the name of James R. Borst at the time of the accident, that he believed the name of the driver to be James, and that James's insurance company led him to believe James was the driver of the car.

The court, noting that it had considered the entire record in this cause, first sustained James's motion for summary judgment as to the negligence issue of Barnd's amended complaint and second sustained James's 12(B)(6) motions as to the second and third paragraphs of Barnd's amended complaint which involved allegations of equitable estoppel and fraud. Third, the court also sustained Robert's 12(B)(6) motions, dismissing all three complaints alleging negligence, equitable estoppel, and fraud on the grounds that the complaints failed to state a claim upon which relief could be granted.

## ISSUES

The issues which Barnd presents for review are

1. Did the trial court err in granting summary judgment in favor of James upon the issue of negligence?

2. Did the trial court err in granting summary judgment in favor of Robert upon the issue of equitable estoppel?

3. Did the trial court err in granting summary judgment in favor of James and Robert upon the issue of fraud?

## DISCUSSION AND DECISION

All parties agree that, because facts in addition to those alleged in the various complaints were placed of record and considered by the trial court, the court's order must be treated as one granting summary judgment upon all the issues. *See Middlekamp v. Hanewich*, (1977) 173 Ind.App. 571, 364 N.E.2d 1024, *trans. denied*. They further agree that our standard of review therefore must be whether or not there is a genuine issue as to any material fact relevant to the claims stated in each of the three paragraphs of Barnd's amended complaint.

We have stated many times that motions for summary judgment are properly granted only when the pleadings and other matters of record reveal that there is no genuine issue or dispute as to a material fact and that the moving party is entitled

to judgment as a matter of law. *Associates Financial Services Co. of Kentucky v. Knapp,* (1981) Ind.App., 422 N.E.2d 1261; *Kendrick Memorial Hospital, Inc. v. Totten,* (1980) Ind.App., 408 N.E.2d 130. To determine whether such issues exist, the court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party. *English Coal Co. v. Durcholz,* (1981) Ind.App., 422 N.E.2d 302, 303, *trans. denied.* The granting of a motion for summary judgment is not appropriate if the trial court must weigh conflicting evidence to reach a decision, *Collins v. Dunifon,* (1975) 163 Ind.App. 201, 323 N.E.2d 264, or even if there are conflicting inferences which may be drawn from undisputed facts. *Moll v. South Central Solar Systems, Inc.,* (1981) Ind.App., 419 N.E.2d 154. "However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation." *Hayes v. Second National Bank of Richmond,* (1978) Ind.App., 375 N.E.2d 647, 650, *trans. denied.* Moreover, on appeal, all reasonable presumptions will be indulged in favor of the rulings and judgments of a trial court, and no presumptions will be indulged in favor of an appellant to sustain his alleged error. *N.Y. Central Ry. Co. v. Milhiser,* (1952) 231 Ind. 180, 106 N.E.2d 453, *reh. denied* 108 N.E.2d 57. The burden of proving reversible error is on the appellant. *English Coal v. Durcholz, supra.*

With these standards of appellate review before us we turn our attention to the issues at hand.

*Issue One*

■ While he asserts that the first issue is whether or not the trial court erred in granting summary judgment in favor of James on the negligence count, Barnd devotes the totality of his appellate argument to the issues of estoppel and fraud. Generally when a party fails to support his allegations of error with argument and citation to authority, those issues are considered waived for purposes of appellate review. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *Summerlot v. Summerlot,* (1980) Ind.App., 408 N.E.2d 820. Nevertheless, where review is possible, this court prefers to decide an issue on its merits. *State v. Fair,* (1981) Ind.App., 423 N.E.2d 738.

■ In his original and amended complaint Barnd alleged James to be the driver of the car which collided with his (Barnd's) automobile. Nevertheless, Barnd came forth with no facts to controvert those in James's and Robert's affidavits which show that James was not the driver of the car, that Robert was the driver, and that Robert was on no errand for James. Indiana has rejected the family purpose doctrine, and the mere fact of a family relationship is not sufficient to impose vicarious liability on James. *Wimp v. Anthis,* (1979) Ind.App., 396 N.E.2d 918. We find, therefore, that the trial court did not err in entering summary judgment in favor of James upon the negligence issue alleged in Barnd's series of amended complaints.

*Issue Two*

The second issue which Barnd presents is whether the trial court erred in granting summary judgment in favor of Robert upon the question of whether Robert should be equitably estopped from asserting the statute of limitations as a defense to the negligence issue. Barnd contends that because he was given James's name at the scene of the accident as the operator of the vehicle and because James and his authorized agents did not advise him that he had sued the wrong party until June 25, 1979, Robert should now be estopped from asserting the statute of limitations against him. James and Robert both argue that this cause is completely on point with, and therefore should be controlled by, the case of *Landers v. Evers,* (1940) 107 Ind.App. 347, 24 N.E.2d 796.

In the *Evers* case Landers brought an action within the statutory period for personal injuries allegedly resulting from a collision on December 8, 1933, between her automobile and one being driven by Howard Evers. Her action was brought against Harold Evers, however, because she stated

that at the time of the incident Evers had given his name as Harold, rather than as Howard. It was only after the expiration of more than two years subsequent to the accident and during the taking of a conditional examination that Landers learned she had sued the wrong party. Landers then argued that because Evers had concealed his identity he should be equitably estopped from claiming the benefits of the statute of limitations. In affirming the trial court's sustaining of Evers' demurrer to Landers' complaint, this court stated:

"While the doctrine of equitable estoppel may in a proper case be invoked to prevent a defendant from relying upon the statute of limitations, the facts here do not justify the application of the doctrine. The misrepresentation or fraud must be of such character as to prevent inquiry or to elude investigation or to mislead and hinder the party who has the cause of action from obtaining the necessary information by the use of ordinary diligence, and the actions relied upon must be of an affirmative character and fraudulent. *Jackson v. Jackson* (1898), 149 Ind. 238, 47 N.E. 963; *State, ex rel. v. Jackson* (1913), 52 Ind.App. 254, 100 N.E. 479; *Fidelity, etc., Co. v. Jasper Furniture Co.* (1917), 186 Ind. 566, 117 N.E. 258.

"Consistent with the application of the doctrine of equitable estoppel, appellant is charged with whatever knowledge she could have acquired in the exercise of ordinary diligence. She knew of her cause of action and, as far as we are apprised by the facts alleged, was in possession of the means to ascertain the proper person against whom to bring her action, if ordinary diligence had been exercised. See *Proctor v. Wells Bros. Co. of N.Y.* (1913), 181 Ill.App. 468; *Short v. Estate of Jacobus* (1918), 212 Ill.App. 77; *Staples v. Zoph* (1935), 9 Cal.App.2d 369, 49 Pac.2d 1131."

107 Ind.App. 349–50, 24 N.E.2d 796. *Accord, Morgan v. Koch*, (7th Cir. 1969) 419 F.2d 993.

■ We find the language in *Evers* to be strikingly pertinent to the case at bar.

First, we note that Barnd did not specifically allege that Robert himself misrepresented his identity at the scene of the incident or that the operator of the Borst vehicle identified himself to Barnd as James. Rather Barnd alleged only, "At said time and place while this Plaintiff was in an injured condition, he was given the name of the Defendant herein, James R. Borst, as the owner and operator of said car[,]" and "By reason of this Plaintiff being given the name of James R. Borst at the scene of the accident while he was injured, the Plaintiff believed that said James R. Borst was the owner and operator of said car until on or about June 25, 1979, an attorney for said Defendant advised Plaintiff's attorney that James Richard Borst was the wrong party in this action." Record at 87. We note that Trial Rule 9 of our Indiana Rules of Procedure requires that the circumstances constituting fraud be specifically averred. *Jerry Alderman Ford Sales, Inc. v. Bailey,* (1972) 154 Ind.App. 632, 291 N.E.2d 92, *mod. on other grounds, reh. denied* 294 N.E.2d 617, *trans. denied.* If Barnd is charging that Robert or someone else at the scene of the accident identified himself to Barnd as James, then Barnd must so aver. The most that reasonably can be inferred from Barnd's allegations set out above is that someone, perhaps Robert, at the scene of the accident gave him the name of the driver as James Borst and that Barnd believed from that time until June 25, 1979, that James Borst was the owner and operator of the car involved in the collision. When Robert filed his affidavit stating that he was the driver of the car and that he correctly identified himself to Barnd and all parties at the scene of the accident as reflected by the police report, he established that he was not the one who misled Barnd. If Barnd had intended that the language of his complaint controvert that fact and establish that Robert indeed fraudulently concealed his name at the scene of the accident, then Barnd should have so stated is his subsequent verified pleadings or affidavit. However, he merely repeated the same nebulous, nonspecific allegations not only in his subsequent verified pleadings, but also

in his affidavit. Thus, the facts which Robert stated in his affidavit were uncontroverted, even by a reasonable inference. Likewise, if Barnd intended to allege that the driver of the vehicle had identified himself to Barnd as James, he should have so stated in order to controvert the facts stated by James in his affidavit showing that he was home in bed at the time of the incident and not at the site. As stated in Ind. Rules of Procedure, Trial Rule 56(E),

> "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein .... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial...."

In other words, to show that there was a dispute or genuine issue as to the material fact of the identity of the person who informed Barnd at the scene of the accident that James was the driver of the car, Barnd would have had to have set out specific facts of which he had personal knowledge and which involved James or Robert, showing they misled him. This he failed to do.

Second, we note that any alleged mispresentation by James's and Robert's agents, *i.e.*, the insurance company attorneys who settled the property damage claim and who were negotiating settlement of the personal injury claims, must have been of an affirmative character such "as to prevent inquiry or to elude investigation or to mislead and hinder the party who has the cause of action from obtaining the necessary information by the use of ordinary diligence." *Landers v. Evers*, 107 Ind.App. at 350. In this case the facts are clear and uncontroverted that James filed his answer to Barnd's first paragraph of his amended complaint in which only negligence was al-leged, denying that he was the driver of the car on September 2, 1977, prior to the time that the statute of limitations had run on Barnd's claim against Robert. Furthermore, Barnd's answers to James's interrogatories filed on August 25, 1977, reveal that at that time, prior to the running of the statute of limitations, Barnd was aware of the existence of a police report which showed Robert to be the driver of the car:

> "5. For each person known to you, your agents, employees, or attorneys who was in the vicinity immediately before, at the time of, or within one hour after the accident, state:
>
> (a) Name and present address
>
> (b) Place of employment
>
> (c) Which of the persons named witnessed or claimed to have witnessed the accident
>
> *Answer.*
>
> (a) Police report only.
>
> "6. Have any persons, including this defendant made any statements, written or otherwise, while being interviewed or questioned by you or on your behalf, in connection with the occurrence herein? If so, for each statement, indicate:
>
> (a) The name, address, employment and relationship to you, if any, of the maker
>
> (b) Date of making
>
> (c) Place of making
>
> (d) Whether written or oral and whether signed or unsigned
>
> (e) The names and addresses of all persons present at the time the statement was made
>
> (f) The name and address of the person having present custody and control of such statement if written or recorded.
>
> *Answer.*
>
> (a) Policeman took statement at scene."

Record at 33–34. Therefore, Barnd by his own admission possessed the means to ascertain the proper person against whom to bring his action, had he but exercised ordinary diligence to do so.

The same rules apply to Barnd's allegations that James's and Robert's agents, the insurance company, lulled him into believing that James was the driver. Where facts are equally accessible to both parties, estoppel will not be applied. *Indiana State Highway Commission v. Pappas,* (1976) 169 Ind.App. 611, 349 N.E.2d 808, *trans. denied* 266 Ind. 49, 360 N.E.2d 1 (Hunter, J., dissenting). As Judge Staton wrote in *Whitaker v. St. Joseph's Hospital,* (1981) Ind. App., 415 N.E.2d 737, 744–45:

> "The doctrine of equitable estoppel is called into play when a false representation of material fact is made with actual or constructive knowledge of the true state of the facts. The *representation must be made to one who is without knowledge or the reasonable means of knowing the true facts* with the intent that it will be relied upon. The second party must then rely upon such representation to his or her detriment. *Kline v. Kramer* (1979), Ind.App., 386 N.E.2d 982, 987; *Hargis v. United Farm Bureau Mut. Ins. Co.* (1979), Ind.App., 388 N.E.2d 1175, 1179, fn. 2. One moving for a summary judgment is entitled to a judgment as a matter of law if the opposing party fails to disclose a genuine issue of material fact which would invoke the theory of equitable estoppel. *Kline, supra,* at 988. (Emphasis added.)

Finally, Barnd argues that equitable estoppel may arise even where the party charged with fraud has no actual intent to deceive and where that party has no duty to disclose the true state of facts. In support of this position Barnd cites the following passage from *AAA Wrecking Co. v. Barton, Curle & McLaren, Inc.,* (1979) Ind.App., 395 N.E.2d 343, 345, *trans. denied* :

> "The facts necessary to establish equitable estoppel were defined in *Emmco Insurance v. Pashas,* (1967) 140 Ind.App. 544, 224 N.E.2d 314 as follows:
>
> '(1) A representation or concealment of material facts;
>
> (2) The representation must have been made with knowledge of the facts;

> (3) The party to whom it was made must have been ignorant of the matter;
>
> (4) It must have been made with the intention that the other party should act upon it;
>
> (5) The other party must have been induced to act upon it.'
>
> 140 Ind.App. at 551, 224 N.E.2d at 318.

"In *Phar-Crest Land Corp. v. Therber,* (1969) 251 Ind. 674, 244 N.E.2d 644, our Supreme Court noted that one asserting the defense of estoppel carries the burden of proving a fraudulent representation *or* such negligence as will amount to fraud in law. The 'fraud' may be 'constructive' in a sense that there may not be any active intentional purpose to deceive or defraud, yet the action is so prominent and misleading as to induce detrimental reliance. The court in *Phar-Crest Land Corp.* cited with approval the statement found in *Pitcher v. Dove,* (1884) 99 Ind. 175, at 177, 178:

> ' * * * It is well settled that there need not be any design to defraud in order to constitute an estoppel. It is sufficient if the conduct of the party has been knowingly such as would make it unconscionable on his part to deny what his conduct had induced another to believe and act upon in good faith and without knowledge of the facts.' "

We agree with Barnd that equitable estoppel may be asserted where fraud is constructive, thus not an intentional tort. However, we disagree with Barnd that either an action or a defense based on fraudulent concealment could arise where there is no duty to disclose. As a matter of law, where there is no duty to speak or disclose facts, silence will not constitute actionable fraud. *Morgan v. Koch, supra; Martin v. Levinson,* (1980) Ind.App., 409 N.E.2d 1239, *trans. denied; Grow v. Retired Teachers Community,* (1971) 149 Ind.App. 109, 271 N.E.2d 140; 14 I.L.E. *Fraud* § 13 (1959). Moreover, the burden of showing a duty to speak is on the party alleging fraudulent concealment. *Grow v. Indiana Retired Teachers Community, supra.* This is not a

case where sharp attorneys misled an uneducated person concerning settlement of his or her claim. Here all dealings were arm's length transactions among presumably equally competent attorneys. Barnd has failed to sustain his burden of showing that either James or his agents had any duty to inform him, though in fact they did so, that he had sued the wrong person. "[W]here persons stand mentally on equal footing, and in no fiduciary relation, the law will not protect one who fails to exercise common sense and judgment. *Gatling v. Newell*, (1857) 9 Ind. 572." *Plymale v. Upright*, (1981) Ind.App., 419 N.E.2d 756, 762.

Thus, the trial court did not err in entering summary judgment in favor of Robert on the counts of Barnd's complaint involving the issues of negligence and equitable estoppel.

*Issue Three*

The essence of Barnd's argument to the effect that the trial court erred in granting summary judgment in favor of James and Robert upon the counts of fraud is best summarized by the following passage from Barnd's brief:

> "The facts most favorable to the appellant contained in this record are that a false representation of fact was made by the appellees to the appellant, that the appellees knew the falsity of said representations, and that the appellant relied thereon to his detriment. This evidence would be sufficient, if believed by the trier of fact, to support a judgment for the appellant upon a theory of actual fraud."

Appellant's brief at 18.

Because the essential elements of actionable fraud are the same whether denominated as the basis of an action for damages or as a defense, *Phar-Crest Land Corp. v. Therber*, (1969) 251 Ind. 674, 244 N.E.2d 644; 37 Am.Jur.2d *Fraud & Deceit* § 12 (1968), many of the same comments are appropriate to this discussion as appeared in the discussion of Issue Two. First, we note that the facts in the record viewed in a light most favorably to Barnd do not support even an inference that either Robert or James made a false representa-

tion of fact to Barnd. Second, the fact that Barnd may have relied to his detriment on what he believed to be someone's misrepresentations is not dispositive of this case. Judge Neal pointed out in *Plymale v. Upright, supra*, that the element of reliance in a fraud case consists of two distinct parts, the fact of reliance and the right of reliance. It is apparent that Barnd relied on inaccurate information. However, in this case unless the driver of the car identified himself to Barnd as James, Barnd had no right to rely on the party making that identification. As pointed out above, there are no facts here showing that the driver of the car identified himself to Barnd as James. Therefore, Barnd should have checked out the identity of the driver via the police report which he knew to exist and which was readily accessible to him under his own name, if not under the name of James Borst. As we discussed in Issue Two, silence as to a material fact is not legally actionable where there is no duty to speak or where a party has access to information but fails to exercise due diligence to discover it.

We find that the court did not err in entering summary judgment upon the count of fraud in favor of James and Robert.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.