Melissa **AYERS**, f/k/a Melissa Olnick, Appellant (Plaintiff),

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**, Appellee (Defendant).

No. 49A02–8910–CV–0538.

Court of Appeals of Indiana, Second District.

Aug. 9, 1990.

John L. Stewart, Klineman, Rose, Wolf and Wallack, Indianapolis, for appellant.

Edward R. Hannon and Douglas A. Tresslar, Harrison & Moberly, Indianapolis, for appellee.

## CASE SUMMARY

BUCHANAN, Judge.

Plaintiff-appellant Melissa Ayers (Ayers) appeals from the dismissal of her complaint against defendant-appellee State Farm Mutual Automobile Insurance Company (State Farm), claiming the trial court erred when it determined her action was not timely filed.

We reverse.

## FACTS

The facts most favorable to the trial court's decision reveal that on November 7, 1986, Ayers was involved in an automobile accident. Ayers' vehicle was struck by another vehicle which fled the scene and was not later identified. As a result. of the collision, Ayers suffered bodily injury.

At the time of the accident Ayers was insured by State Farm. After the accident, Ayers notified State Farm and began to negotiate a settlement for her injuries pursuant to her insurance contract's uninsured motorist provision. In November of 1988, State Farm denied any coverage for Ayers' damages.

Ayers filed suit on March 13, 1989, seeking damages in accordance with the uninsured motorist coverage of her contract with State Farm, and State Farm moved to dismiss Ayers' complaint on May 5, 1989. State Farm's motion asserted that Ayers' claim was not timely filed. After a hearing on State Farm's motion, held June 13, 1989, the trial court dismissed Ayers' action on June 27, 1989.

## ISSUE

Ayers raises several issues for our consideration, which we consolidate and restate as:

Whether the trial court erred when it dismissed Ayers' complaint?

## DECISION

*PARTIES' CONTENTIONS* —Ayers claims that her action was not barred by

the statute of limitations because she brought suit pursuant to her contract with State Farm and therefore her action is governed by the ten-year statute of limitations applicable to contract actions. State Farm replies that Ayers' action was based on a personal injury claim and was therefore barred by the two-year limitation period on personal injury actions. In addition, State Farm asserts Ayers' insurance contract also barred her claim.

*CONCLUSION*—The trial court erred when it dismissed Ayers' complaint.

■ State Farm asserts that because Ayers seeks damages for personal injuries, the two-year period of limitation applicable to personal injury actions bars Ayers' claim. Ind.Code 34–1–2–2(1) (1988). Ayers claims that the ten-year statute of limitations applicable to contract actions, is the relevant period of limitation. IC 34–1–2–2(6).

Recently, this court decided which limitation period is applicable for claims against insurers arising from the uninsured motorist benefits provided in an insurance contract. In *Panos v. Perchez* (1989), Ind. App., 546 N.E.2d 1253, the Third District concluded that the ten-year limitation period applicable to contract actions is the relevant statute of limitations to be considered, a conclusion with which we agree:

> "State Farm's liability, or non-liability arises because it has contracted to pay the Panoses' damages in the event an uninsured motorist negligently injured them. It is therefore a contract action for which there is a ten year statute of limitations. IC 34–1–2–2(6)."

*Panos, supra* at 1255.

■ In its motion for dismissal, State Farm asserted that language in Ayers' insurance contract also barred her claim. It points to the uninsured motorist provision of the contract which states that State Farm would pay the damages "for bodily injury and property damage an insured is *legally entitled* to collect from the owner or the driver of an uninsured motor vehicle." *Record* at 15 (emphasis supplied). State Farm claims that because Ayers did not bring her action against the unknown driver of the vehicle which caused her accident, within the limitation period for personal injury actions, she is no longer "legally entitled" to recover any damages from that driver, and therefore State Farm is not liable under the contract.

The doctrine of fraudulent concealment rescues Ayers from the impasse posed by State Farm. That doctrine operates as an equitable device to estop a defendant from asserting a statute of limitations when he has, either by deception or by violation of duty, concealed from the plaintiff material facts preventing the plaintiff from pursuing a potential cause of action. *Burks v. Rushmore* (1989), Ind., 534 N.E.2d 1101; IC 34–1–2–9. The driver of a vehicle involved in an accident has a statutory duty to stop and be identified. Ind.Code 9–4–1–40 and –41 (1988).

Therefore, Ayers' potential claim against the unknown driver is not barred because the unknown driver has fraudulently concealed his or her identity in violation of a statutory duty, IC 9–4–1–40, and has prevented Ayers from pursuing her cause of action. Ayers is "legally entitled" to collect damages from the unknown driver, and State Farm is liable under its insurance contract with Ayers.

Judgment reversed.

SULLIVAN and CONOVER, JJ., concur.