FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEY FOR APPELLEE

LAKE COUNTY COUNCIL
: 

JOHN H. LLOYD, IV
 

Galvin, Galvin & Leeney 
GERALD M. BISHOP

Hammond, Indiana Merrillville, Indiana

ATTORNEY FOR APPELLEES

LAKE COUNTY, INDIANA AND

THE BOARD OF COMMISSIONERS

OF LAKE COUNTY INDIANA
:

CHARLES BROOKS, JR.

Merrillville, Indiana

IN THE

COURT OF APPEALS OF INDIANA

ST. MARGARET MERCY HEALTHCARE )

CENTERS, INC., )

)

Appellant-Plaintiff, )

)

vs. ) No.  56A03-9808-CV-353

)

LAKE COUNTY, INDIANA; COUNTY      )

COUNCIL OF LAKE COUNTY, INDIANA; )

and THE BOARD OF COUNTY               )

COMMISSIONERS OF LAKE COUNTY, )

INDIANA, )

)

Appellees-Defendants. )

APPEAL FROM THE NEWTON CIRCUIT COURT

The Honorable Robert B. Smart, Judge

Cause No.  56C01-9609-CP-140

July 19, 1999

OPINION - FOR PUBLICATION

RUCKER, Judge

St. Margaret Mercy Healthcare Centers, Inc., ("Hospital") filed suit against Lake County, Indiana, the Lake County Council and the Lake County Commissioners ("County") seeking payment for the cost of medical care provided to B.P.O., a patient who had been involuntarily committed.  County responded with a motion for summary judgment.  The trial court granted the motion on grounds that Hospital had raised the same issue in a previously filed motion to correct error that was deemed denied as a matter of law, and Hospital did not appeal the denial.  Hospital now appeals raising two issues for our review.  We address and rephrase one issue which is dispositive:  does the doctrine of collateral estoppel preclude Hospital from pursuing its claim against County.  We hold that it does and therefore affirm.

The facts
(footnote: 1) most favorable to Hospital show that on August 23, 1994, a judge of the Lake Superior Court, Room Two ("Commitment Court") conducted a hearing for the involuntarily commitment of B.P.O.  During the course of the hearing Hospital introduced evidence that B.P.O. had no insurance or independent funds available to pay his medical bills; that because B.P.O. was an adult his parents were unwilling to assume the responsibility for his medical bills; and that no governmental assistance was available to pay B.P.O.'s medical bills.  Accordingly, Hospital requested payment under the provisions of Ind. Code § 12-26-10-4.
(footnote: 2)  At the conclusion of the hearing the trial court committed B.P.O. to a state operated mental health facility.  The written order of commitment was entered September 23, 1994, and provided in part that pending the availability of a bed at the state facility, B.P.O. was to remain at Hospital and that Hospital would continue to provide appropriate care and treatment.  However, the Commitment Court did not direct County to pay the cost and expenses of B.P.O.'s care and treatment.  In fact, the Commitment Court's order did not mention payment at all.  The record shows that B.P.O. remained in the care of Hospital from August 23, 1994, until October 15, 1994, at a cost exceeding $40,000.00.  On  October 21, 1994, Hospital filed with the Commitment Court a pleading captioned "Motion To Correct Error."  Hospital set forth therein a recitation of testimony elicited at the commitment hearing, along with a recapitulation of the court's commitment order.  The pleading continued in relevant part as follows:

[] That said order failed to provide for payment to St. Margaret Mercy Medical Center by Lake County despite the undisputed evidence to the effect that the comfort and the care of the individual was not otherwise provided from the individual's estate; by the individual's relatives or friends; or through financial assistance from the division of family and children or a county office; pursuant to Indiana statute IC 12-26-10-4.

[] That the court's failure to provide for payment by Lake County is contrary to law as set forth in the case of 
In Re the Commitment of A.N.B.
, [] 614 N.E.2d 563 (Ind. [Ct.] App. 1993).

R. at 266-67.  As a remedy, Hospital requested the court to correct its order by providing that the cost and expenses for B.P.O.'s care and treatment should be paid out of the county general fund.  County filed a statement in opposition to the motion and a hearing was conducted on December 27, 1994.  However, the Commitment Court never ruled on the motion.  

Over a year later on February 2, 1996, Hospital filed a complaint against County in the Lake Superior Court, Room One, again seeking payment from the general fund for the cost and expenses of B.P.O.'s care.  After a change of venue, the case was transferred to the Newton Circuit Court.  Thereafter Hospital filed a motion for summary judgment.  County responded with a cross-motion for summary judgment, contending that Hospital was collaterally estopped from pursuing this action.  After conducting a hearing, the trial court denied Hospital's motion and granted County's motion.  As grounds therefore the trial court held that Hospital had raised the issue of the responsibility for the payment of B.P.O.'s care in its previously filed motion to correct error which was deemed denied by operation of law when the Commitment Court failed to rule.  The trial court noted that Hospital did not appeal the denial.  This appeal then followed.

When reviewing the grant or denial of a motion for summary judgment this court applies the same standard applicable to the trial court.  
Houin v. Burger by Burger
, 590 N.E.2d 593, 596 (Ind. Ct. App. 1992), 
trans. denied
.  We must consider the materials specifically designated to the trial court pursuant to Ind. Trial Rule 56(C) without deciding their weight or credibility.  
Alexander v. Dowell
, 669 N.E.2d 436, 439 (Ind. Ct. App. 1996).  Summary judgment should be granted only if such evidence shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  
Id.
  All evidence must be construed in favor of the opposing party and all doubts as to the existence of a material issue must be resolved against the moving party.  
ITT Commercial Fin. Corp. v. Union Bank & Trust Co.
, 528 N.E.2d 1149, 1152 (Ind. Ct. App. 1988).

Addressing the trial court's rationale for granting County's motion for summary judgment, Hospital contends that the order rendered by the Commitment Court was not a final judgment or an appealable final order.  The argument continues that because a motion to correct error need only be filed after the entry of a final judgment or an appealable final order, Hospital's pleading although labeled as such could not have been a motion to correct error.  Rather, the pleading was in the nature of either a motion for clarification or a motion to reconsider.  Although Hospital's argument on this point is somewhat confusing and not clearly developed, we do observe that the trial court's grant of summary judgment cannot be affirmed on the ground that Hospital's motion to correct error was deemed denied.  A motion to correct error is only significant in the context of perfecting an appeal.  Further, since the 1990 amendment to Ind. Trial Rule 59 a motion to correct error is a prerequisite to an appeal only where a party seeks to address newly discovered evidence or a claim that a jury verdict is excessive or inadequate.  If the trial court does not rule on the motion within thirty (30) days after it is heard, then the motion is deemed denied and an appeal must initiate within thirty (30) days thereafter.  
See
 Ind. Trial Rule 53.3.  In this case Hospital was not required to file a motion to correct error.  More importantly, Hospital is not appealing the judgment of the Commitment Court.  
See
 
Corkell v. Corkell
, 653 N.E.2d 998, 1001 (Ind. Ct. App. 1995) (where the filing of a motion to correct error is not mandatory, an appeal is initiated by filing with the clerk of the trial court a praecipe designating what is to be included in the record of proceedings).  Accordingly, even assuming Hospital's pleading was a motion to correct error that had been deemed denied that fact has no bearing on the question of whether County is entitled to summary disposition.  The trial court's grant of summary judgment in County's favor cannot be sustained on the foregoing ground.

Nonetheless we will affirm the trial court's grant of summary judgment if it is sustainable on any theory found in the evidence designated to the trial court.  
Bamberger & Feibleman v. Indianapolis Power & Light Co.
, 665 N.E.2d 933, 936 (Ind. Ct. App. 1996).  In this case the trial court's grant of summary judgment in favor of County can be affirmed on the theory of collateral estoppel. 

[C]ollateral estoppel operates to bar a subsequent relitigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former lawsuit and the same fact or issue is presented in the subsequent lawsuit.  In that situation, the first adjudication will be held conclusive even if the second action is on a different claim.

 

Sullivan v. American Cas. Co of Reading, Pa.
, 605 N.E.2d 134, 137 (Ind. 1992).  Hospital acknowledges the doctrine of collateral estoppel but insists it is not applicable here because "there has never been a determination on the merits with respect to who should be responsible for the otherwise unreimbursed costs for the care and treatment for [B.P.O.] pending his admission to a state operated mental health facility."  Brief of Appellant at 11. We disagree with Hospital's assertion.

By its own admission, Hospital specifically requested the Commitment Court to order payment of B.P.O.'s medical expenses pursuant to statute and introduced evidence supporting its request.  According to Hospital's recitation of the facts occurring at the commitment hearing, Hospital was represented by counsel as was B.P.O.; both B.P.O.'s mother and father testified and were apparently cross-examined by B.P.O.'s attorney.  Both parents "testified that their son was an adult and that they were unwilling to assume responsibility for his bills."  (Hospital's "Motion To Correct Error" recounting the facts that occurred at the commitment hearing and noting that there was no court reporter present).  R. at 265.  Hospital's recitation of the facts also shows that a representative of Hospital's accounting department testified that "[B.P.O.] did not have insurance available to pay for any future hospital bill that would be incurred upon his commitment. . . .  [T]hat application had been made for aid for B.P.O. and that such had been denied and that there was no other governmental agency assistance available."  
Id.
 at 265-66.  Despite the foregoing testimony the Commitment Court did not order County to pay for B.P.O.'s medical care.  To say that the Commitment Court did not adjudicate the question of who would be responsible for paying B.P.O.'s bills misses the mark.  A party is generally responsible for paying his own bills, medical or otherwise, and no court order is necessary to emphasize that point.  In this case, the court simply declined to enter an order shifting the burden of payment to County.  This was so in spite of evidence suggesting that the Commitment Court should have reached a different conclusion.  
See
, 
e.g.
, 
Matter of Commitment of Pepper
, 700 N.E.2d 253 (Ind. Ct. App. 1998) (holding trial court abused its discretion in failing to order payment from general fund pursuant to Ind. Code § 12-26-10-4).  Dissatisfied with the Commitment Court's order, Hospital could have pursued one of two options:  (1) appeal the decision, or (2) file a T.R. 60(B) motion for relief from judgment.  Hospital did neither, opting instead to file suit in a different trial court seeking payment for B.P.O.'s medical expenses.  Contrary to Hospital's assertion, this is an attempt at a subsequent relitigation of the same issue adjudicated in a former lawsuit.  Hospital's claim is barred by the doctrine of collateral estoppel.  Accordingly, the trial court properly granted summary judgment in County's favor.

Judgment affirmed.

DARDEN, J., concurs.

SULLIVAN, J., dissents with opinion.

IN THE

COURT OF APPEALS OF INDIANA

ST. MARGARET MERCY HEALTHCARE )

CENTERS, INC., )

)

Appellant-Plaintiff, )

)

vs. ) No. 56A03-9808-CV-353

)

LAKE COUNTY, INDIANA; COUNTY )

COUNCIL OF LAKE COUNTY, INDIANA; )

and THE BOARD OF COUNTY )

COMMISSIONERS OF LAKE COUNTY, )

INDIANA, )

)

Appellees-Defendants. )

SULLIVAN, Judge
, 
dissenting

I agree that, although labeled as such, the pleading filed by Hospital was not a Motion to Correct Errors in the sense that it was deemed to have been denied by the passage of thirty days.  The matter of payment is not a “necessarily adjudicated” issue in every involuntary commitment.  Therefore, the silence of a commitment order with regard to payment does not render the commitment erroneous so as to be subject to a Motion to Correct Error.

This being so, when the trial court entered its commitment order, silent as to payment for the medical care, the Hospital could have merely sought in a separate lawsuit to collect from the County pursuant to  I.C. 12-26-10-4, which renders the County liable. This course of action might well have been advisable if the Hospital had reason to believe that the Commitment Court would not choose to resolve the liability for payment issue in light of the use of the discretionary term “may order” in the statute with regard to a Commitment Court order for payment by the County.  The fact that, in this case, Hospital sought to have the Commitment Court enter the order for payment should not preclude the Hospital from collecting what is due it for the medical care rendered.

As the majority notes, a party is “generally responsible for paying his own bills, medical or otherwise.”  Slip op. at 7.  Thus, if B.P.O. were solvent, the silence of the commitment order as to his own responsibility for payment would not have precluded Hospital from pursuing B.P.O for collection.

Here, however, County does not contend that there is an alternative and preferable source for payment other than the County.  To the contrary, the evidence is clear that B.P.O. had no independent funds with which to pay, that his parents were either unwilling or unable to undertake the financial responsibility for their adult son, that there was no insurance coverage and that governmental assistance had been denied or was unavailable.  Under these circumstances, I read I.C. 12-26-10-4 to make the County liable for the medical costs.
(footnote: 3)
 The silence of the Lake Superior Court commitment order does not mean that the County should avoid paying what it justly owes the Hospital.  The Newton Circuit Court erred in granting summary judgment to the County.  I would reverse.

 

FOOTNOTES
1: 
  We do not have before us a transcript of the hearing.  However, the recited facts are those set forth by Hospital, and County does not dispute them.  Thus we accept the facts as true for purposes of this appeal.

2:  The statute provides: 

If the comfort and the care of an individual are not otherwise provided: 

(1)  From the individual's estate;

(2)  By the individual's relatives or friends; or

(3)  Through financial assistance from the division of family and children or a county office; 

the court may order the assistance furnished and paid for out of the general fund of the county.

3:  It is clear that the fact that B.P.O. was committed “to the Indiana Division of Mental Health” has no effect upon the County’s liability.  The Division of Mental Health is not financially responsible.  
In re Commitment of A.N.B.
 (1993) Ind.App., 614 N.E.2d 563, 566.