## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 20 2016, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

John P. Daly, Jr.
Golitko & Daly, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Thomas M. Kimbrough
William A. Ramsey
Barrett McNagny LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ricky L. Baker and Victoria Baker,

*Appellants-Plaintiffs*,

v.

Fall Creek Housing Partners, LLC,

*Appellee-Defendant*.

December 20, 2016

Court of Appeals Case No.
49A02-1605-CT-1060

Appeal from the Marion Superior Court

The Honorable John F. Hanley, Judge

Trial Court Cause No. 49D11-1407-CT-24953

**Brown, Judge.**

[1] Ricky L. Baker and Victoria Baker (together, the "Bakers") appeal from the trial court's February 26, 2016 order granting summary judgment in favor of Fall Creek Housing Partners, LLC ("Fall Creek"). We find one issue dispositive, which is whether the court's February 26, 2016 order is an appealable order. We dismiss.

## Facts and Procedural History

[2] Ricky Baker, who was an employee of Waste Management, Inc. ("Waste Management"), visited an apartment rental property in Indianapolis owned by Fall Creek to unload trash compactor containers on September 24, 2012, and was injured.

[3] The Bakers filed a complaint for damages in July 2014 and, with the court's approval, an amended complaint for damages in September 2014 against Buckingham Urban Properties, LLC ("Buckingham"), JV Manufacturing Inc. d/b/a Cram-A-Lot ("JV"), and Cram-A-Lot Logistics, LLC ("Cram-A-Lot"),[1] alleging that Ricky was employed by Waste Management; that Buckingham purchased or leased from Cram-A-Lot and/or JV a trash compactor for use at a property in Indianapolis; that Buckingham contracted with Waste Management for trash removal at the property including emptying the Cram-A-Lot and/or JV trash compactor; that Ricky was a business invitee on the property working

---

[1] In their motion to amend the complaint, the Bakers stated they filed the original complaint against Buckingham and Cram-A-Lot, and that "Cram-A-Lot Logistics, LLC has properly identified themselves . . . as JV Manufacturing, Inc. d/b/a Cram-A-Lot," and they sought leave to amend their complaint to add JV as a party to the action. Appellant's Appendix, Volume 2, at 33.

within the course and scope of his employment with Waste Management when he was injured; that on or about September 24, 2012, Ricky was on the property to empty a trash compactor when the compactor moved crushing his hand; that the compactor had been placed on a slope by employees and/or agents of Buckingham and/or Cram-A-Lot and/or JV; and that Ricky was seriously injured.

[4] On October 9, 2014, Buckingham filed an Answer to Amended Complaint, Affirmative Defenses, Third Party Complaint, and Jury Demand. In its third party complaint, Buckingham alleged in part that Buckingham Management, LLC ("Buckingham Management") is responsible for managing real estate including that occupied by Buckingham; that it entered into a Periodic Services Agreement with Waste Management for the collection and disposal of waste; that, pursuant to the Agreement, Waste Management is required to indemnify it and hold it and its affiliate or subsidiary Buckingham harmless for any claims by an employee of Waste Management in the performance of the Agreement; and that Waste Management is required to defend and indemnify Buckingham from the claims of the Bakers. Buckingham requested that the court enter judgment in its favor and against Waste Management and that Waste Management be ordered to defend and indemnify Buckingham.

[5] Counsel for Waste Management filed an appearance, and Waste Management filed an answer to Buckingham's third party complaint denying that it is required to defend and indemnify Buckingham. In February 2015, Waste Management filed a motion for leave to file a counterclaim against Buckingham

stating that it has denied and continues to deny any liability to Buckingham and seeking leave to file a counterclaim so as to recover its attorney fees, costs, and expenses incurred and to be incurred by Waste Management in its defense to the third party complaint. On March 9, 2015, the court granted Waste Management's motion for leave to file its counterclaim against Buckingham and ordered that the counterclaim was deemed filed as of the date of the order. On March 27, 2015, Buckingham filed a motion for judgment on the pleadings as to Waste Management's counterclaim.

[6] On November 23, 2015, the parties filed a Joint Stipulation to Amend Caption and Substitute Parties, stating that at the time the action was initially filed confusion existed as to the location of the accident that is the subject of the Bakers' complaint and Buckingham's third party complaint, and that discovery has revealed the location of the incident. The Stipulation stated that the owner of the premises on which the incident occurred was Fall Creek and not Buckingham, and that Buckingham should be dismissed and Fall Creek substituted as a defendant on the Bakers' claim, as the third party plaintiff on the third party complaint against Waste Management, and as the defendant on Waste Management's counterclaim to the third party complaint.

[7] On November 25, 2015, Fall Creek filed a motion for summary judgment, a memorandum in support of the motion, and a designation of evidence which included the deposition of Ricky and the Periodic Services Agreement between Waste Management and Buckingham Management as agent for property owners including Fall Creek. The Bakers filed their opposition and designated

evidence. Fall Creek filed a motion to strike and reply in support of its summary judgment motion which stated in part that the Bakers cited to an owners' manual that was not designated.

[8]     On February 1, 2016, the court held a hearing on Fall Creek's summary judgment motion.[2] On February 25, 2016, it entered an order of dismissal which stated that a joint stipulation of partial dismissal as to JV and Cram-A-Lot was before the court and ordered that JV and Cram-A-Lot be dismissed from the action.

[9]     On February 26, 2016, the court entered an order which: denied Fall Creek's March 27, 2015 motion for judgment on the pleadings as to Waste Management's counterclaim; granted Fall Creek's motion to strike as to references made by the Bakers to an owners' manual and denied it in all other respects; granted Fall Creek's November 25, 2015 motion for summary judgment; and ordered that Fall Creek submit a proposed judgment entry to the court within ten days. An entry in the chronological case summary (the "CCS") dated March 8, 2016, states in part: "Order Signed: 03/07/2016" and "Per Order and Jacket entry. Entry of Judgment."[3] Appellant's Appendix, Volume 2, at 11. The Bakers filed a motion to correct error on March 15, 2016, and after a hearing[4] the court denied the motion on April 27, 2016. On May

_____

[2] The record does not contain a transcript of the hearing.

[3] The record does not include a copy of this order.

[4] The record does not contain a transcript of the hearing.

10, 2016, the Bakers filed their notice of appeal from the trial court's February 26, 2016 order.

### Discussion

[10] The dispositive issue is whether the trial court's February 26, 2016 order is an appealable order. This court may *sua sponte* raise the issue of whether it has jurisdiction over an appeal. *See Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014). "The authority of the Indiana Supreme Court and Court of Appeals to exercise appellate jurisdiction is generally limited to appeals from final judgments." *Ramsey v. Moore*, 959 N.E.2d 246, 251 (Ind. 2012) (quoting *Allstate Ins. Co. v. Fields*, 842 N.E.2d 804, 806 (Ind. 2006), *reh'g denied*). We have the duty to determine whether we have jurisdiction over an appeal before proceeding to determine the rights of the parties on the merits. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied.* Pursuant to Ind. Appellate Rule 5, this court has jurisdiction over appeals from final judgments of trial courts and only those interlocutory orders from trial courts that are brought in accordance with Ind. Appellate Rule 14.

[11] Ind. Appellate Rule 2(H) provides that a judgment is a final judgment if:

> (1)    it disposes of all claims as to all parties;
>
> (2)    the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;

(3)    it is deemed final under Trial Rule 60(C);

(4)    it is a ruling on either a mandatory or permissive Motion to Correct Error which was timely filed under Trial Rule 59 or Criminal Rule 16; or

(5)    it is otherwise deemed final by law.

The Bakers' notice of appeal identifies the order being appealed as the trial court's February 26, 2016 order, states that a motion to correct error was denied April 27, 2016, and indicates that the basis for appellate jurisdiction is that the appeal is taken from a final judgment as defined by Ind. Appellate Rule 2(H).

The record reveals that the court's February 26, 2016 order granted Fall Creek's November 25, 2015 motion for summary judgment and denied Fall Creek's March 27, 2015 motion for judgment on the pleadings as to Waste Management's counterclaim to Fall Creek's third party complaint. However, the February 26, 2016 order did not enter judgment with respect to Fall Creek's third party complaint against Waste Management or Waste Management's counterclaim against Fall Creek. The Bakers do not direct our attention to the record to demonstrate that Fall Creek's third party complaint and Waste Management's counterclaim had been dismissed or that the trial court had entered judgment on the third party complaint and counterclaim.

Based upon the record, the court's February 26, 2016 order does not dispose of all claims as to all parties, and thus the order is not a final judgment under Ind. Appellate Rule 2(H)(1). *Cf. Ozinga Transp. Sys., Inc. v. Michigan Ash Sales, Inc.*, 676 N.E.2d 379, 382 (Ind. Ct. App. 1997) (observing that the plaintiffs filed a

complaint against defendants NIPSCO and Michigan Ash alleging negligence; that NIPSCO filed a cross-claim against defendant Michigan Ash alleging contractual indemnity; that defendant Michigan Ash filed a third-party complaint against Ozinga, the injured employee's employer, alleging contractual indemnity based on a contract between Michigan Ash and Ozinga; that NIPSCO, Michigan Ash and Ozinga each filed motions for summary judgment on the plaintiffs' original complaint and on the various cross-claims and third-party claims; and that the trial court entered an order granting summary judgment in favor of NIPSCO and Michigan Ash on the issue of negligence, finding that Ozinga owed a duty to defend and indemnify NIPSCO and Michigan Ash, and granting summary judgment in favor of NIPSCO and Michigan Ash on their respective claims for contractual indemnification, indicating the trial court's order had disposed of all claims as to all parties), *reh'g denied*, *trans. denied*.

[15]    Further, the court's February 26, 2016 order does not contain the language required by Ind. Appellate Rule 2(H)(2) that there is no just reason for delay. In addition, although the Bakers filed a motion on March 15, 2016, titled "Plaintiffs' Motion to Correct Error and Request for Hearing," that motion is more accurately characterized as a motion to reconsider the trial court's February 26, 2016 order granting Fall Creek's motion for summary judgment. *See Stephens v. Irvin*, 730 N.E.2d 1271, 1277 (Ind. Ct. App. 2000) (treating a motion labeled a "Motion to Correct Error" filed before the entry of final judgment as a motion to reconsider), *affirmed on reh'g*, *trans. denied*; *Hubbard v.*

*Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("[M]otions to reconsider are properly made and ruled upon prior to the entry of final judgment" (citing Ind. Trial Rule 53.4(A)); Trial Rule 59(C) (providing that motions to correct error are to be filed "not later than thirty (30) days after the entry of a final judgment"). Thus, a final judgment was not entered under Ind. Appellate Rule 2(H)(4). We cannot say that the order falls into any of the remaining categories of Ind. Appellate Rule 2(H). Accordingly, the appealed order is not a final judgment under the definitions of Ind. Appellate Rule 2.

[16] The Bakers are therefore appealing from an interlocutory order. Parties are permitted to appeal "as a matter of right" the following interlocutory orders:

(1) For the payment of money;

(2) To compel the execution of any document;

(3) To compel the delivery or assignment of any securities, evidence of debt, documents or things in action;

(4) For the sale or delivery of the possession of real property;

(5) Granting or refusing to grant, dissolving, or refusing to dissolve a preliminary injunction;

(6) Appointing or refusing to appoint a receiver, or revoking or refusing to revoke the appointment of a receiver;

(7) For a writ of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(8) Transferring or refusing to transfer a case under Trial Rule 75; and

(9) Issued by an Administrative Agency that by statute is expressly required to be appealed as a mandatory interlocutory appeal.

Ind. Appellate Rule 14(A). The trial court's order does not fit into any of these categories. Thus, the Bakers were not entitled to appeal the court's order as a matter of right. An appeal may be taken from other interlocutory orders if the trial court certifies its order and this court accepts jurisdiction over the appeal, Ind. Appellate Rule 14(B), or if an interlocutory appeal is provided by statute. Ind. Appellate Rule 14(D). There is no indication that the Bakers sought certification from the trial court or permission from this Court to file a discretionary interlocutory appeal, nor have the Bakers stated a statutory right to appeal. Accordingly, we dismiss. *See Ramsey*, 959 N.E.2d at 251-254 (holding that the Indiana Supreme Court lacked subject matter jurisdiction where the appealed order did not dispose of all issues as to all parties and was not a final judgment); *Moser v. Moser*, 838 N.E.2d 532, 535-536 (Ind. Ct. App. 2005) (dismissing an appeal from an interlocutory order where the appeal was not one of right), *trans. denied*.

## Conclusion

For the foregoing reasons, we dismiss the Bakers' appeal of the trial court's February 26, 2016 order.

Dismissed.

Robb, J., and Mathias, J., concur.